## FOLSOM-MORRIS COAL MINING CO. v. MORROW et ux.

No. 13026—Opinion Filed May 7, 1924.

(Syllabus.)

1. **Master and Servant—Liability for Death of Servant—Circumstantial Evidence.**

In an action for damages for death the proximate cause of such death and the negligence of the master may be determined from circumstantial evidence.

2. **Negligence—Contributory Negligence for Jury.**

The defense of contributory negligence under section 6, art. 23, Constitution of Oklahoma, is purely a question for the determination of a jury.

3. **Death—Action by Parents for Death of Child—Measure of Damages.**

The measure of damages in a suit by dependent parents, the next of kin of deceased, is the amount that would compensate them for the loss of his support for the time there is reasonable expectation he would continue to support them, considering the nature of his employment and earning capacity.

Error from District Court, Coal County; George S. March, Judge.

Action by J. S. Morrow and Elizabeth Morrow against the Folsom-Morris Coal Mining Company for the negligent acts of said defendant in causing the death of one Willis Earl Morrow. Judgment for plaintiffs; defendant appeals. Affirmed.

George Trice and D. N. Davison, for plaintiff in error.

J. R. Wood and C. M. Threadgill, for defendants in error.

WARREN, J. In this case plaintiffs below, J. S. Morrow and Eliabeth Morrow, defendants in error here, brought suit against Folsom-Morris Coal Mining Company, because of the death of Willis Earl Morrow, their son. They allege that defendant is a corporation operating coal mines, and that on and prior to July 31, 1919, the said Willis Earl Morrow was employed by defendant as a driver of pit cars conveying coal from the mine to the outlet. They allege that the said Willis Earl Morrow was killed on the said date and that defendant was at fault in that it negligently and carelessly permit-

ted the roof of mine to be and remain too small a distance from the track and the walls to remain in a condition that did not leave a sufficient space between such walls and the passing cars. They further allege that the said dangerous place was at the foot of an incline in which the deceased was compelled to do his work. They allege that it was the duty of the defendant to provide a reasonably safe place to work and that it negligently and carelessly failed to do so. The plaintiffs are the father and mother of deceased. There are other allegations about which no special point is stressed. The defendant answers with a general denial, also pleas of assumed risk and contributory negligence.

The cause was submitted to a jury, which returned a verdict for the plaintiffs.

The plaintiff in error charges error in three particulars: First, that the judgment is not sustained by the evidence; second, that of contributory negligence; and third, that the trial court erred in instructing the jury on the measure of damages.

The testimony shows that the roof of the passage way at the foot of the incline had sagged and was lower than the parts thereof immediately in front and behind the foot of the incline. It is true that the same thing occurred at other places, but the danger because of the incline made it particularly hazardous at this particular place where the accident occurred. It further appears that on the lower side there was barely room for the cars to clear the walls, while on the upper side props had been placed to support the roof bars, which narrowed the space, ordinarily about two feet.

No witness saw the accident, but the body was found between two loaded coal cars which the deceased had been driving and almost across the track. He had lost his cap and lamp, which were found up the track. It is the theory of the plaintiffs that the deceased, after losing his lamp in the darkness, started to the upper side to get in the clear, but was caught between the side of the front car and the props and rolled to his death, falling between the cars at the opening. In our opinion there is ample testimony in the case to support this theory.

It is not necessary that plaintiff allege and prove the exact manner in which the injury occurred. This may be established by circumstantial evidence and is a question of fact for the jury. Coalgate Company v. Hurst, 25 Okla. 588, 107 Pac. 657; St. L. & S.

F. Ry. Co. v. Darnell, 42 Okla. 394, 141 Pac. 785; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Weleetka Cotton Oil Company v. Brookshire, 65 Okla. 293, 166 Pac. 408.

Plaintiff in error next seeks a reversal on the ground of contributory negligence. This is a question of fact for the jury under the provisions of section 6, art. 23, Constitution of Oklahoma, and was properly submitted to the jury. The finding of the jury is binding on this court.

For its third ground for reversal, on the giving of the following instruction:

"If you find for the plaintiffs, you will assess the amount of their recovery at such sum as you may deem proper, not to exceed the sum of $15,000. In determining the amount of their recovery, you may take into consideration the nature of the deceased's work and his earning capacity, the time the deceased would probably have continued to have worked and contributed to the support of his father and mother, if any, but in no event to exceed $15,000."

Under the testimony in this case this was a correct statement of the law. There was in evidence that deceased was a single man, living with his parents in this case; that he was earning $5 per day; that he contributed all his earnings above personal necessary expenditure to his parents, who were partially dependent upon him.

The case of Shawnee Gas & Electric Company v. Motesenbocker, 41 Okla. 454, 138 Pac. 790, involved damages for the death of a minor child. The opinion with the additional opinion on rehearing holds that parents may recover for death of a minor child up to its majority, and if the relation of the child to its parents is such that there is a reasonable expectation that the child will continue to contribute to the support of its parents, such facts should not be excluded from the jury in determining damages for wrongful death.

The present case shows that the 24 year old son was contributing to the support of his parents, and the jury found that there was reasonable expectation that he would continue to do so. The verdict was for $2,750; a very modest sum and amply supported by the evidence measured by the instruction. We find no error in the instruction.

The judgment of the trial court is therefore affirmed.

JOHNSON, C. J., and HARRISON, LYDICK, and GORDON, JJ., concur.