### ST. LOUIS - S. F. RY. CO. v. STARKWEATHER, Adm'x.

No. 19643. Opinion Filed March 17, 1931.

Rehearing Denied April 14, 1931.

E. T. Miller and Cruce & Franklin, for plaintiff in error.

A. F. Moss, H. R. Young, C. A Warren, and W. N. Maben, for defendant in error.

RILEY, J. The judgment below was in the amount of $10,000 and based upon the wrongful death of Clarence R. Starkweather, an employee of the railway company. Employer and employee were engaged in interstate commerce. Plaintiff below was the administratrix of the estate of deceased, Clarence Starkweather. On April 16, 1926, the deceased was engaged in the performance of his duties as a brakeman on defendant's freight train running through Okmulgee, Beggs, Preston, and Henryetta, Okla.

The train of defendant on said date, when it reached Okmulgee, had as a part of it an empty gondola car located immediately in front of a box car. The gondola car was so constructed that from one end to the center its floors sloped downward at a large angle. At the center of the floor there was an iron door of about three feet in height, fastened and held in place by two latches and a "dog" for each which were located on the outside of the car and not visible from inside the car.

Deceased was head brakeman on defendant's train, and as it left the station of Preston, going through Okmulgee, en route to Henryetta, it became the duty of deceased to go from a point in the center to the head of said train. In going, it was necessary for deceased to pass over the box car located behind the gondola car aforesaid, and then to climb down into the gondola car and go down the slanting portion of said car to the middle thereof, and thence up the slanting floor to the opposite end of said car.

It was alleged that deceased in attempting to go down and over said gondola car slipped, was thrown, and fell to the floor of said car, that he came in contact with one of said doors, and that said door was not securely latched and fastened, but that said contact knocked open the door, the deceased fell through the door, onto the track of the

railway line and was killed. The fatal accident occurred at ten o'clock, about one mile south of Okmulgee. Negligence was based upon failure of defendant to properly fasten and latch the door of the gondola car.

The defendant pleaded contributory negligence and assumption of risk on the part of defendant—denied negligence on its own part. Verdict was for plaintiff in the amount of the judgment.

The plaintiff in error contends on appeal that the verdict of the jury is not supported by sufficient evidence. A subanalysis by proponents of the contention is:

"(a) A conclusion drawn from such evidence that deceased met his death as charged in plaintiff's petition is a matter of speculation and conjecture.

"(b) Any conclusion based upon said evidence that the defendant was guilty of negligence in this case is reached by speculation and conjecture.

"(c) All evidence on the subject is to the effect that the deceased did not meet his death by reason of negligence on the part of the defendant."

The contention may be narrowed down to this proposition: Was there sufficient evidence to take the case to the jury and to support the verdict rendered?

We hold the evidence sufficient for the reasons hereinafter appearing.

We have reviewed the evidence and find that of it showing the cause of Starkweather's death is circumstantial, but:

"It is a settled rule of this state that negligence may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom, and that the proximate cause of injury may be determined from circumstantial evidence." R. I. Mining Co. v. Galvin, 96 Okla. 95, 220 Pac. 832.

As was said in M., K. & T. Ry. Co. v. Minor, 75 Okla. 10, 181 Pac. 142:

"In a civil case, all that the plaintiff is required to do in order to establish his case, is to make it appear to be more probable that the injury came in whole or in part from the defendant's negligence than from any other cause, and this fact may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom." Weleetka Cotton Oil Co. v. Brookshire, 65 Okla. 293, 166 Pac. 408; St. L. & S. F. Ry. Co. v. Hart, 45 Okla. 659, 146 Pac. 436; St. L. & S. F. Ry. Co. v. Rushing, 31 Okla. 231, 120 Pac. 973.

In brief, it was alleged that deceased fell against the bottom door in the gon-

dola car, it opened and he was killed; that the defendant railway company was negligent in not having the door of said car securely locked and the latches on said door properly fastened with the "dogs" provided for that purpose.

The evidence established that the last time deceased was seen alive by any member of the train crew was after the train had left Preston about four miles on its way to Okmulgee. Then deceased was on top of the train traveling toward the engine. The body of deceased was found on the tracks in front of the Graham Bottling Works in Okmulgee. The injuries to, and position of the body were in keeping with the facts of the accident as alleged and found by the verdict.

Mr. Brooks, of Okmulgee, testified that when this freight was passing he stopped on the east side of the tracks on Thirteenth street in Okmulgee; he saw a brakeman, who waved at him, cross over from one gondola car into another. The witness watched for the brakeman until he had gone a distance of 500 feet down the track south: the brakeman never did come out of the gondola car into which he had entered.

The point at which he last saw the brakeman, south of the street crossing, was about halfway to the place where the body was found and was about halfway from the street crossing to the glass factory.

John Arthur testified he was working three rail lengths north and west of a whistling post on the track near where deceased's body was found. He saw the train pass; saw a brakeman standing on the south end of one of the gondola cars: It was about a rail and a half length from where witness saw this man to where the body was found. He identified the brakeman as being the deceased.

Mr. J. W. Hyman testified he lived at Henryetta and was employed by the railway company and on the date of this accident when this train came into Henryetta from Okmulgee, four or five gondola cars were set out from the train, and witness saw F. L. Hyman, Bray, Armstrong, and others inspect these cars: that the first blood was found on the inside of the south door of the second gondola car. The witness and Mr. Armstrong testified that if the hopper doors in the gondola car were not securely latched they would swing open and shut with the movement of the train.

It was also established by the evidence that the blood on the wheels of the car was on the north trucks rather than the south and that the door showed that something had been dragged over it from the inside.

We think the evidence sufficient for the conclusion that deceased was in the gondola car as alleged and that he went through the south door of the car to his death.

The evidence also warrants the conclusion that when the hopper doors of the car are properly fastened with latch and "dogs" they cannot be forced open, but if the doors were not properly latched, then the doors would jar open. The evidence here warrants the conclusion (C.-M. 112, 159-162) that the hopper doors in the second gondola car from the south (where deceased was last seen alive, and where the blood was found inside the doors) were open when the cars were inspected at Henryetta after the accident. The evidence warrants the conclusion that the door was closed when the train left Sapulpa, but that the door to the gondola car in question was not properly latched at the time deceased went through it to his death.

Observe the similarity in the circumstances showing the cause of death recorded in C., O. & G. Ry. Co. v. McDade, 48 L. Ed. (U. S.) 96, wherein it was held:

"The question whether a railroad brakeman was killed as a result of a collision with an overhanging waterspout on a water tank is for the jury, where there was evidence that when last seen he was signaling the engineer from his post on a car of more than average height and width where he would be likely to be struck by the spout in passing, and that shortly thereafter he was missed from the train, and his lantern found on the car and his body discovered about 675 feet beyond the tank with injuries which might have been produced by a collision with the obstruction."

Therein the Supreme Court of the United States held the circumstantial evidence sufficiently strong to authorize submission of the case to the jury and to support a verdict returned in favor of plaintiff by the jury.

The facts here are about the same in strength. See, also: St. L. & S. F. Ry. Co. v. Darnell, 42 Okla. 394, 141 Pac. 785; Mining Co. v. Morrow, 102 Okla. 33, 226 Pac. 53; St. L. & S. F. Ry. Co. v. Clampitt, 55 Okla. 686, 154 Pac. 40. In the last case Waters-Pierce Oil Co. v. Deselms, 18 Okla. 107, 89 Pac. 212, affirmed on writ of error, 212 U. S. 159, 29 S. St. 270, 53 L. Ed. 453, by Supreme Court of the United States, was cited to the effect that "where an accident has occurred resulting in the death of all persons immediately connected there-

with and there is no direct proof as to how the accident occurred, the manner of its occurrence may be shown by **circumstantial evidence from which the jury may infer the manner and cause** of the accident if the inference is reasonable, although not a necessary one." See, also, Weleetka Cotton Oil Co. v. Brookshire, supra; Lusk v. Phelps, 71 Okla. 150, 175 Pac. 756.

Under the principle followed in the cited cases, the evidence here presented was sufficient to warrant submission of this cause to the jury, notwithstanding that the cause of death as well as the negligence of defendant, as a proximate cause, are shown only by circumstantial evidence. However, as we understand the principle, the circumstances must reasonably show the probabilities (i. e., that the accident happened as alleged) and not necessarily the exclusion of any other reasonable hypothesis.

It is next contended that defendant was deprived of "a right and immunity guaranteed to it under the Act of Congress known as the Federal Employer's Liability Act. * * *" (45 U. S. secs. 51-59.)

The argument under this contention is based upon the absence of negligence as a cause of the death on the part of defendant railway company. The existence of negligence on the part of the railway company as a proximate cause has heretofore received our consideration, consequently the second contention need not be considered further.

Objection is made to instructions given by the trial court. We have reviewed these instructions given and refused, and find no reversible error in the action of the trial court thereon.

Some decisions in criminal cases are cited to show a rule of error in failure of the trial court to instruct upon circumstantial evidence when such evidence is relied upon solely for conviction. Suffice it to say the rule as to the intensity and probative force of the circumstantial evidence in civil and in criminal cases is materially different.

Reversible error is claimed by reason of leading questions propounded by plaintiff below and answered over objection of defendant railway company.

We find no reversible error in this regard. Hammett v. State, 42 Okla. 384, 141 Pac. 419; Smith v. Gillis, 51 Okla. 134, 151 Pac. 869.

Under the heading or other errors it is contended that the trial court erred in allowing John Arthur to testify to an opinion or conclusion, which was that the man in the **gondola car was** dressed like a brakeman and that he saw the face of the man in the car and later saw the face of the dead man, and that in his judgment the dead man was the one he had seen in the car. This was not error.

"Any witness may give his opinion as to identity of person he has seen, provided it is not based on hearsay." Nichol's App. Evidence, vol. 3, p. 2499, sec. 6; Holland v. Zollner (Cal.) 37 Pac. 231; Pallas v. Funk (Ariz.) 231 Pac. 919.

Error is predicated upon questions asked by jurors. We find no error either in the questions asked or by the act of a juror asking the question. No objection was made. "The practice of jurors asking questions of the witnesses should not be discouraged, but rather encouraged." Stamp v. Commonwealth (Ky.) 253 S. W. 242; Miller v. Commonwealth (Ky.) 222 S. W. 96.

Judgment affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.