FAIRMONT CREAMERY CO. et al. v. ROGERS.

No. 30014.   July 22, 1941.

Rehearing Denied Sept. 16, 1941.

*116 P. 2d 983.*

Flansburg & Flansburg, of Lincoln, Neb., and Twyford & Smith and William J. Crowe, of Oklahoma City, for plaintiffs in error.

Gomer Smith, Herbert K. Hyde, and Nelson Rosen, all of Oklahoma City, for defendant in error.

DAVISON, J. This is the second time this cause has been before this court on appeal. See Blair et al. v. Rogers, 185 Okla. 63, 89 P. 2d 928. It was originally commenced in May, 1933, by the defendant in error, as plaintiff, to recover damages against the plaintiffs in error, as defendants, for the allegedly wrongful death of the former's husband, S. A. Rogers, who died from injuries received in an automobile accident.

In the interest of clarity and brevity, the parties will hereinafter be referred to as they appeared in the trial court.

The accident occurred between 2:30 and 3 o'clock in the morning of March 5, 1933, when Rogers drove his car into and collided with the rear end of a truck of the "semi-trailer" type belonging to the defendant, Fairmont Creamery Company, and driven by its employee, M. P. Blair, on highway No. 77, between Oklahoma City and Edmond, Okla., at a point between three and four miles north of the State Capitol. Both vehicles were traveling north, and the weather has been described as "cold and rainy."

In so far as was shown at the trial, no one was present at the scene of the accident when it occurred except Rogers and Blair, the drivers of the two vehicles. The latter testified on behalf of himself and the defendant company. In the trial out of which this appeal arose, plaintiff made no attempt to establish her cause of action by statements said to have been made by her husband before his death, as she did in the former trial (Blair et al. v. Rogers, supra) nor to establish all of the allegations of her petition concerning the manner in which the accident occurred. However, to support her theory that her husband was unable to see the defendant company's truck in time to avoid driving his car into it and that it was defendants' negligence which caused the collision, she introduced evidence calculated to show that when it occurred said truck was stopped on the highway without a tail light or reflector thereon.

The verdict and judgment were in favor of the plaintiff.

In their present appeal defendants argue their assignments of error under five propositions. The first three of these deal with the alleged errors committed by the trial court in overruling a demurrer which the defendant, Fairmont Creamery Company, interposed to plaintiff's evidence, and in refusing to instruct the jury to return a verdict for said company as requested by it after all of the evidence had been introduced.

We will begin with a consideration of the second of these alleged errors, for, under the rule of appellate review adhered to by this court, if there is sufficient evidence in the record as a whole to warrant submission of the cause to the jury, any error in overruling the demurrer to plaintiff's evidence is immaterial. Martin v. McLain, 184 Okla. 418, 87 P. 2d 1075; Stagner v. Files, 182 Okla. 475, 78 P. 2d 418. And in determining this question we will consider only the evidence most favorable to the plaintiff, together with all of the reasonable inferences which may be drawn therefrom. See Maryland Casualty Co. v. De Armon, 179 Okla. 60, 64 P. 2d 719; Starmer v. Mid-West Chevrolet Corporation, 175 Okla. 160, 51 P. 2d 786; Board of Education of City of Bartlesville, Washington County, v. Montgomery, 177 Okla. 423, 60 P. 2d 752; Highway Construction Company v. Shue, 173 Okla. 456, 49 P. 2d 203; Allis Chalmers Co. v. Lamb, 174 Okla. 118, 49 P. 2d 1071.

The plaintiff introduced no direct and positive proof as against the defendant, Fairmont Creamery Company, that at the time of the accident said company's truck was stopped. Other than testimony concerning certain admissions said to have been made after the collision, by the truck driver and defendant, Blair, that was introduced only as against him and evidence concerning the condition of the two automobiles after the accident, the only evidence in the record pertaining to this matter is the testimony of certain witnesses who claimed to have seen a truck stopped on the highway before the collision occurred. Upon the basis of the description given by these witnesses, of the truck and the time and place they said it was stopped, counsel for plaintiff evidently intended the jury to infer or conclude that the truck they saw was the defendant company's truck and that same was stopped at the time of the accident. One of said defendant's principal contentions in its argument concerning the evidence is that same is wholly insufficient on this phase of the case. If we find the evidence sufficient upon the issues of whether at the time of the collision the defendant company was operating its truck without a "rear red light" or reflector in violation of section 10331, O. S. 1931, 47 Okla. St. Ann. § 131, or section 10332, O. S. 1931, 47 Okla. St. Ann. § 132, and whether such negligence was the proximate cause of said collision, it is unnecessary to consider whether it was also negligent in stopping same in violation of rule 10 of section 10327, O. S. 1931, 69 Okla. St. Ann. § 583. Consequently, we will now consider only the evidence concerning the first two of these issues.

The testimony introduced on behalf of the plaintiff tended to show that there was no reflector of any description nor a tail light in operating condition on the rear end of the truck at the time of the collision. Three of her witnesses, W. E. Agee, E. E. Abernathy, and Paul Kerr, who claimed to have examined said truck for such a light or reflector soon after the accident, all agreed that it had a shell or piece of such a lamp on its right side but that said lamp had no reflecting lens and they testified to facts concerning the appearance of the socket that amply support the conclusion that there was no light bulb therein on the night of the accident. They all testified that there was no other lamp nor a reflector of any description on the back of the truck. When confronted with photographs introduced by the defendants as pictures of the rear end of the particular Fairmont Creamery Company truck that was involved in the accident, these witnesses indicated that same depicted the true condition of the license plate on the truck after the accident, but they positively denied that there was a tail light bent down under the floor of the truck near or attached to said license plate as portrayed in the picture. Upon cross-examination of A. F. Dickey, one of the defendant company's employees, whose duties consisted among other things of supervising repairs on its trucks, plaintiff's counsel elicited the information that the photographs described had not been taken until more than 24 hours after he had moved the

truck to Guthrie, where said company's garage was located. From the foregoing, we believe it obvious without consideration of any other portions of the record that there was competent evidence introduced in support of plaintiff's theory that at the time the collision occurred the defendant company's truck had no tail light or reflector.

The only other matter necessary to consider with reference to the above-mentioned assignment of error is the sufficiency of the evidence to establish such negligence as the proximate cause of the collision. In support of their argument that no causal connection was established between the defendants' negligence and the accident involved herein, defense counsel cite a group of cases as being analogous on the asserted ground that the evidence did not reveal just how the accidents involved therein occurred. All of these cases in which the evidence was held insufficient to establish a causal connection between the alleged negligence and the injuries suffered are distinguishable from the case at bar. This court has in many cases demonstrated that it is unnecessary to establish by direct evidence just how the accident occurred in which the injuries complained of were received. Among these are Weleetka Cotton Oil Co. v. Brookshire et al., 65 Okla. 293, 166 P. 408; Silurian Oil Co. v. Morrell, 71 Okla. 250, 176 P. 964; St. Louis-San Francisco Ry. Co. v. Starkweather, 148 Okla. 94, 297 P. 815; Highway Construction Co. v. Shue, supra. To produce such evidence where, as in the cited cases and the present case, there were no eyewitnesses to the accidents involved, is often impossible. However, the cause of the accident and resulting injury may be inferred from circumstantial evidence if the inference is a reasonable though not a necessary one. Silurian Oil Co. v. Morrell, supra. The evidence is not required to dispel all doubt and uncertainty as to the matter (Griesel v. Fabian, 184 Okla. 42, 84 P. 2d 634, 637) or to eliminate the possibility that the injury or accident from which it accrued was brought about by some other cause (Westgate Oil Co. v. McAbee, 181 Okla. 487, 74 P. 2d 1150, 1154). It need only appear more probable that said accident was caused in whole or in part by defendant's negligence than by some other cause. Highway Construction Co. v. Shue, supra. It seems to be the defendants' view that because the accident may possibly have been caused by defective lighting on Rogers' car, or some act of negligence on his part, the conclusion that it was caused by their negligence could be arrived at only by speculation and conjecture. As we have hereinbefore noted, there was no direct evidence of any negligence on the part of Rogers, except the testimony of the defendant company's truck driver, Blair, and since same is unfavorable to plaintiff's cause, it cannot be considered in determining whether the trial court erred in refusing the defendant company's request for a directed verdict. See authorities cited supra; and for a discussion of an argument such as the one descried, see Highway Construction Co. v. Shue, supra. It is not unreasonable to infer from plaintiff's evidence hereinbefore described that the defendants' negligence was the proximate cause of the accident. Said evidence contains ample proof of their breach of statutory duties (sections 10331 and 10332, supra) of a character commonly recognized as frequently responsible, either in whole or in part, for rear-end collisions on the highways of this state and nation.

In view of the foregoing considerations, we are impelled to conclude that the trial court was warranted in submitting the evidence in the present case to the jury for a determination of the liability of the defendant company and committed no error in refusing its request for a directed verdict.

The complaint made under the propositions of defendants' briefs not yet discussed herein concerns the trial court's alleged erroneous instruction of the jury. It is necessary to a proper understanding of the argument regarding these assigned errors to mention certain portions of the testimony not hereinbefore described. They concern admis-

sions by the defendant Blair which tend to support certain allegations of plaintiff's petition. The plaintiff's witnesses, E. E. Abernathy and W. E. Agee, testified that, after examining the rear end of the defendant company's truck and finding its condition with reference to a tail light or reflector as shown by that portion of their testimony and the testimony of Paul Kerr hereinbefore described, they went to Edmond, where they found Blair, who then came with them back to the scene of the accident, where the conversation in question occurred. The testimony of these witnesses concerning Blair's admissions during this conversation was offered only as evidence of admissions against his own interest. The substance of the pertinent part of W. E. Agee's testimony was that Blair said he was stopped on the pavement at the time of the collision. Abernathy related that Blair also said "he was having trouble with his lights." This testimony of the latter witness was not given until after the jury had been admonished to consider it only as an admission against Blair's interest and not binding on the defendant Fairmont Creamery Company.

On rebuttal, after Blair had testified that at the time of the accident his' truck was traveling about ten miles an hour with its tail light burning, and he had denied making any statement that he was then having trouble with his car, counsel for plaintiff then recalled her to the witness stand. After the jury was admonished that the testimony she was about to give was for the sole purpose of impeaching the witness Blair and would "go" to his credibility, but that any of his statements related therein would not be statements against the interest of Fairmont Creamery Company, plaintiff testified that about ten days or two weeks after the first trial of the cause Blair had come to her home, where he told her he was sorry for the way he had testified, admitted that his truck was stopped on the pavement, that its lights had gone out and said he "figured" the rain had wet the cord to the battery.

Counsel for the defendants argue that in view of the above-described testimony the jury might have found the evidence sufficient against the defendant Blair to warrant a verdict against him but insufficient to sustain a verdict against the defendant Fairmont Creamery Company, yet the court failed to let them know either by instruction or by submitting to them separate verdict forms that they might find the issues against Blair without also returning a verdict against Fairmont Creamery Company. To further demonstrate this failure, counsel call our attention to all of the instructions in which the court referred to the defendants jointly, but those particularly complained of are the ninth, tenth, and eleventh instructions given. The complaint against the latter two instructions is that in them the jurors were told that if they found the stopping of the truck without a tail light in violation of the law was the proximate cause of the accident, they should return a verdict in favor of the plaintiff and "against the defendants." In the ninth instruction the court informed the jury of a stipulation the parties had made that at the time of the accident the defendant Blair was the agent and employee of the defendant Fairmont Creamery Company. The same instruction stated that the latter was responsible for any of the former's acts of negligence in his driving and management of the truck, but it concluded with the statement that the testimony with reference to statements alleged to have been made by the defendant Blair, after the collison occurred, were competent only as to him, and not competent as to the Fairmont Creamery Company. Counsel assert that the error of said instruction's statement to the jury that the Fairmont Company was responsible if they believed Blair was guilty of negligence was not cured by its concluding sentence that Blair's statements were only competent as to himself and that said instruction had the effect of erroneously leading the jury to believe that if they found sufficient competent evidence to prove that the collision was the result of Blair's

negligence, then Fairmont Creamery Company would necessarily be liable for the damages accruing therefrom.

In refutation of the foregoing argument counsel for the plaintiff not only deny that the alleged erroneous instructions had the harmful effect therein attributed to them, but they also contend that the defendants have waived their right to complain of said errors, if any, by trying the cause, themselves, upon the theory that if Blair was negligent and by reason thereof liable to the plaintiff, the Fairmont Creamery Company was, also. To demonstrate this they cite instructions requested on behalf of the defendants and on the day the cause was orally argued and finally submitted to this court for decision they filed a motion for the incorporation into the case-made of a certified transcript of defendants' opening statement purporting to show it was therein conceded that if the jury found from the evidence that the defendant company's truck was parked on the highway without a tail light burning, both defendants would be liable.

It is unnecessary to consider the latter argument and the motion presented in connection therewith, upon consideration of the controlling factor in the reversal of any cause on account of erroneous instructions. Assuming without deciding that the instructions complained of were erroneous, under section 3206, O. S. 1931 (22 Okla. St. Ann. § 1068) the judgment will not be set aside on account of such error, unless it appears that same has "probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right." Warner v. Sharp, 187 Okla. 106, 101 P. 2d 621. Counsel fail to point out wherein the trial court's alleged erroneous instructions constituted a violation of any of the defendant Fairmont Creamery Company's statutory or constitutional rights. Their effort to demonstrate that said instructions have resulted in a miscarriage of justice is found in the charge that the only evidence of negligence offered by plaintiff was the admissions of Blair which were conceded to be incompetent as to the defendant Fairmont Creamery Company. This is an incorrect assumption as to the condition of the record in view of the evidence hereinbefore described. It has been shown that in the testimony of at least three witnesses there was sufficient evidence to warrant submission of the cause to the jury upon the question of the defendants' actionable negligence in at least one of the respects alleged in plaintiff's petition and to support its verdict regarding same. The testimony concerning Blair's admissions of this alleged fact was merely corroborative and cumulative. That the jury has had the opportunity of considering incompetent evidence against a defendant is not necessarily cause for reversing its verdict against him and in favor of his adversary where there is sufficient competent evidence to support the verdict. See Corder v. Purcell, 50 Okla. 771, 151 P. 482. We are fully cognizant of the likelihood of prejudice to a defendant from the submission to the jury without proper instruction or admonition to govern its consideration of evidence that is incompetent as to his liability but competent as to that of a codefendant. However, under the circumstances herein shown, there appears to be no substantial basis for concluding that the defendant Fairmont Creamery Company has probably suffered any such prejudice in the present case.

As we have found none of the assignments of error urged by the defendants sufficient cause for reversing the judgment of the trial court, the same is hereby affirmed.

CORN, V. C. J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. WELCH, C. J., and RILEY and GIBSON, JJ., absent.