## BUTTS v. ANTHIS.

No. 27476.    Nov. 16, 1937.

H. M. Adams and John A. Remy, for plaintiff in error.

Robert W. Hoyland and E. S. Lowther, for defendant in error.

GIBSON, J. Mrs. Ilah Anthis owned a farm close to U. S. Highway 77 in Logan county. On July 15, 1934, a very hot day, a truck of the carnival attraction owned by Nipp Butts was driven with a flat tire over the concrete pavement on said highway for such a distance and at such a speed that the friction resulting therefrom ignited the tire, which flew off the wheel and set fire to the grass alongside the road. The fire spread into and upon Mrs. Anthis' farm, doing serious damage to her fence, crops and meadow. She recovered damages in the court below, and Butts, on appeal from the verdict, urges chiefly that the alleged act of negligence complained of was not the ordinary, reasonable, or proximate cause

of the injury complained of, that the ignition of the tire could not reasonably be anticipated, that the injury was the result of a peculiar, unusual, or unexpected occurrence.

It can hardly be denied that the ignition of the tire was a peculiar and unusual occurrence. The verdict of the jury, however, decided that such an occurrence, though peculiar and unusual, was the proximate result of driving on a flat tire. This court has held:

"The law requires a defendant to reasonably guard against probabilities, not possibilities. * * *

"For an act to be deemed the proximate cause of an injury, it must be such that a person of ordinary intelligence would have foreseen that the injury was liable to be produced in the act." Oklahoma Gas & Electric Co. v. Wilson, 172 Okla. 540, 45 P. (2d) 750.

"The test of whether an act was the remote or proximate cause of the injury complained of is whether the injury was one to be anticipated." Cleveland v. Stanley, 155 Okla. 272, 9 P. (2d) 10.

These definitions are amplified and explained in Cushing Gasoline Co. v. Hutchins, 93 Okla. 13, 219 P. 408, where this court said:

"A person guilty of negligence involving a breach of his duty should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the facts and circumstances which in fact exist. whether they could have been ascertained by reasonable diligence or not, would have thought of at the time of the negligent act as reasonably possible to follow, if they had been suggested to his mind."

The last-cited case is also authority to the effect that whether certain acts are or are not negligence is a question for the jury to decide.

The court cannot say as a matter of law that driving on a paved road with a flat tire is or is not negligence.

"To hold that one who drives an automobile along the highway with a flat tire is guilty of negligence as a matter of law would be to announce an extreme doctrine, and one not founded upon any substantial basis of reason. It cannot be said that a person of ordinary prudence would not, under any circumstances, drive an automobile along the highway with one flat tire until a point could be reached where the tire could be changed." Grubbs et ux. v. Grayson et ux. (Wash.) 5 P. (2d) 1033.

The result of the holding in that case was to leave to the jury the decision as to whether, under all the facts, there was negligence in driving on a flat tire.

So it has been held that it may be negligence to fail to stop an automobile after it is known to have a flat tire. Christos v. Manos (La. App.) 134 So. 713. It has also been held to be negligence to drive a car "on the rim." Porter v. Hetherington (Mo. App.) 158 S. W. 469. In Regan v. Cummings (Mass.) 117 N. E. 800, the court held that it was for the jury to determine whether it was negligence to run farther than necessary after a blow-out of a tire had occurred. In that case a locking ring flew off and struck a pedestrian. The contention was made that the injury was too remote and that the driver's negligence was not the proximate cause of the injury. The court held the contention unsound, saying:

"It is sufficient that it appears that the negligence of the defendant would probably cause harm to some person even though the precise form in which it in fact resulted could not have been foreseen."

In the case of Doyle v. Chicago, St. Paul & Kansas City R. Co., 77 Iowa, 607, 42 N. W. 555, 4 L. R. A. 420, the Iowa court held:

"It may be true that the accident, in the precise form and with the precise attending circumstances which resulted in plaintiff's injury, could not have been expected to have happened from the falling of the pin from the car upon the track. * * * The result may be unusual, unexpected, indeed a surprise to the most experienced— never before heard of by anyone—yet the act of putting the obstruction on the track is none the less negligent, for it threatened danger in many directions, and was liable to produce many familiar results which would cause injury."

In the case at bar there was testimony that the carnival truck was driven a considerable distance with the trailer tire flat and flopping; that the tire was seen to be smoking; and that the driver of the car said that he had had a flat tire and that his casing caught fire and set fire to the grass. There was also testimony that tires are composed of cotton fabric and rubber and that such material is inflammable. One witness testified he had personal knowledge of a similar occurrence and had heard of other instances of tires catching fire from friction when run flat.

We cannot say, as a matter of law, that a prudent and experienced man, acquainted with the nature of rubber and cotton, the

known heat generating effect of friction, would not have thought it reasonably possible that a tire run flat for such a distance as in the instant case would generate enough heat to cause fire. The jury was justified in believing that the entire consequences followed in unbroken sequence from the negligent act of running on a flat tire in the circumstances related by the witnesses.

Another complaint is made that the defendant was guilty of contributory negligence by failing to set up fire guards, plow furrows, or remove the dry grass from the highway, although she should have realized the danger of fire from cigarettes, cigars, matches, and other sources. We do not believe that such failure, if any, constituted contributory negligence. No request for an instruction on contributory negligence was made. Furthermore, the record does not show exceptions were taken to any of the given instructions covering negligence and the duty of the parties. No error is presented here. Taylor v. Scott, 167 Okla. 588, 32 P. (2d) 48.

Finally it is urged that the court erred in refusing to give seven requested instructions. These instructions apparently were urged collectively at the trial, since no exceptions were taken to the refusal to give any separate requested instruction, but only as a whole. Furthermore, there is assigned as error the refusal to give the instructions as a whole. No separate assignment is made of the refusal to give any certain instruction. In such a situation no error is presented.

"Where several instructions to the jury are requested, and the court refuses to give any of them, a general exception to such refusal will not be sufficient on appeal to raise the correctness of such ruling in this court." McCabe & Steen Const. Co. v. Wilson, 17 Okla. 355, 87 P. 320.

The judgment is accordingly affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.