## McDUFF et al. v. McFARLIN.

No. 28836. Oct. 17, 1939.

Commons & Chandler, of Miami, Con Long and J. W. Levin, both of Seminole, J. M. Huser, of Wewoka, and Robert Burns, of Oklahoma City, for plaintiffs in error.

Thos. J. Horsley and Hicks Epton, both of Wewoka, for defendant in error.

GIBSON, J. Defendants below appeal from a judgment of the district court of Seminole county rendered on verdict for plaintiff in an action to recover damages for the wrongful death of plaintiff's husband, Earl McFarlin.

The parties will be designated in the order of their appearance at the trial or by individual name. Defendant Geer has died since the commencement of the action and revivor was had in the name of his personal representative, Edith Geer.

Plaintiff alleged that her husband met his death while in the employ of defendants McDuff and Geer and as the result of their negligence in failing to provide him with reasonably safe tools and reasonably safe place to work.

The pleadings placed in issue the foregoing allegations of negligence and, in addition, raised the issues that Geer was an independent contractor of McDuff and the employer of McFarlin, that the said McFarlin was guilty of contributory negligence, and had assumed the risk of his employment.

Defendants have appealed under a joint petition in error, and by joint assignment charge the court with error in refusing their request for a peremptory instruction. In presenting this assignment the defend-

ant McDuff argues that the court erred in that respect as to him for the reason that the undisputed evidence showed Geer to be an independent contractor performing work for McDuff, and that the deceased was servant of Geer only in the performance of that work and was in no manner subject to direction or under the control of McDuff.

In support of the same assignment the defendant Edith Geer, administratrix, argues that the court erred in refusing her request for peremptory instruction for the reason that the evidence wholly failed to show any primary negligence on the part of Geer.

And under the aforesaid assignment both defendants urge that the trial court erred in denying their request for directed verdict for the reason that the uncontradicted testimony showed that the deceased was aware of the dangers incident to his work, and with full knowledge thereof assumed the risk obviously inherent in said dangers of which he was aware and out of which his fatal injury arose.

Thus, under one assignment of error, the defendants argue the questions of independent contractor in defense of McDuff, want of primary negligence on the part of Geer, and as to both, they assert contributory negligence and assumption of risk on the part of the deceased.

Plaintiff insists that the defendants cannot avail themselves of the foregoing assignment for the reason that the record reveals that said assignment is not good or well taken as to both defendants, and, being a joint assignment, if not good as to one, it is good as to none. Niles v. Citizens Nat. Bank, 110 Okla. 146, 236 P. 414; Jones v. Webb, 180 Okla. 5, 67 P.2d 800. In the Niles Case the rule is stated as follows:

"A joint assignment of error must be good as to all who join in it or it will be good as to none."

Defendants admit that the relationship of master and servant existed as between Geer and McFarlin at the time of the accident. The evidence shows that McFarlin, with other employees, was engaged in erecting steel fence posts with the aid of a winch mounted on a truck. These posts were approximately 30 feet long, and in the process of setting each post in the ground it was hoisted into an upright position by the winch and the end thereof lowered into a hole prepared for that purpose.

McFarlin's duty was to hold the post in his hands and guide the end thereof into the hole aforesaid. While so engaged the upper end of a post came in contact with certain high-power electric wires belonging to other parties, and as a result McFarlin was killed by electrocution. These wires were suspended on poles some 15 or 20 feet above the ground. They constitute the dangers allegedly known to McFarlin and the risk he is alleged to have assumed in connection with his employment.

There is evidence to show that the winch was seriously defective; that it would slip and permit the post in question to swing far out of line, and by reason of such defect the post was allowed to come in contact with the electric wires. Under the evidence the defective winch could have been the proximate cause of the fatal accident, and such evidence was sufficient to take the question of negligence to the jury. It was Geer's duty to furnish his workman with reasonably safe appliances. Wright, Rec., v. Clark, 177 Okla. 628, 61 P.2d 192. His failure so to do constituted primary negligence, and he is not relieved from the consequences thereof merely because the post came in contact with a dangerous instrumentality of which the deceased may have had notice.

The aforesaid assignment of error is the only one presented and relied upon in the brief. It challenges the sufficiency of the evidence to sustain the verdict as to both defendants. It is a joint assignment, and, as we have indicated above, is not good as to Geer. Therefore, no inquiry will be made as to the other defendant. W. T. Rawleigh Co. v. Riggs, 123 Okla. 42, 252 P. 428. There the rule so far as applicable here is stated as follows:

"Where * * * an assignment of error is relied on, that the evidence was insufficient to sustain the judgment as to all of the defendants, if not good as to one, no inquiry will be made as to the other, and the error assigned is of no avail."

The judgment is affirmed.

WELCH, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur.