## BUXTON v. HICKS, Adm'x.

No. 30849.  Dec. 8, 1942.

*131 P. 2d 1015.*

Butler & Rinehart, of Oklahoma City, for plaintiff in error.

Kerr, Lambert & Conn, of Ada, for defendant in error.

PER CURIAM. This action was instituted in the district court of Oklahoma county by Nova Hicks, administratrix of the estate of W. J. Hicks, deceased, against C. C. Buxton, to recover damages for injury to and death of her husband, W. J. Hicks. Plaintiff alleged that defendant had been negligent in that he had furnished the deceased with unsafe tools with which to perform the work which he was required to do, in that he had been furnished a team with harness without breeching and a wagon without brakes or sideboards with which to do the work required, and that such failure had resulted in the injury and death of the plaintiff's decedent. The answer of defendant consisted of a general denial and a plea of contributory negligence. Upon the issues so framed trial was had to a jury. Demurrer of defendant to plaintiff's evidence was overruled as was likewise his motion for directed verdict. The jury returned a verdict in favor of plaintiff and assessed her recovery at the sum of $784 for the benefit of the estate of deceased and the sum of $2,000 for the benefit of his next of kin as damages resulting from his wrongful death. Judgment followed the verdict, motion for new trial was overruled, and defendant appeals. We will continue to refer to the parties as they appeared in the trial court.

As grounds for reversal of the judgment, the defendant submits five propositions, which may be summarized as follows: (1) The evidence fails to show any primary negligence; (2) the evidence fails to show a causal connection between the injury sustained and the negligence alleged; (3) error in overruling demurrer of defendant to plaintiff's evidence; (4) it was error to deny defendant's motion for directed verdict; (5) it was error to give instruction No. 7 and to refuse defendant's requested instruction No. 2.

The contentions thus advanced require a brief review of the facts as disclosed by the evidence. Plaintiff's intestate was employed by defendant to work as a general ranch hand. The duties of deceased in part required him to haul feed and other goods from one place to another on the ranch. To enable the deceased to perform such duties, he was furnished a wagon which had been made out of an old automobile chassis and which had neither sideboards nor brakes but had a level bed. As motive power deceased was furnished with an old team of gentle mules and harness which had no breeching. The deceased shortly before his death notified his foreman that the harness which had been furnished was unsafe for use in that it would not permit control of the wagon when going down hill or over rough ground, and requested that he be permitted to take the breeching from another set of harness and use it on his team. This request was refused and at the same time the foreman promised that he would obtain a new set of harness with breeching the following month and furnish the same to the deceased for his use. Deceased in the performance of his duties loaded the wagon with about a thousand pounds of feed stuff and a circular saw mounted on a wooden frame and undertook to transport the same from the place where they were located to a point about three miles distant on the ranch. This occurred on the morning of November 3, 1939. Deceased proceeded by the shortest route toward his destination and had reached a rough and slightly hilly place in the road descending into a dry creek bed when he and his load were in some manner thrown from the wagon to the ground and the deceased severely injured. This occurred about 10 o'clock in the forenoon of November 3, 1939. Deceased was discovered and taken to a hospital at Ada, where he lingered until about the 7th of November, 1939, when he died of his injuries. There were no eyewitnesses to the tragedy and plaintiff relied solely upon the circumstances to establish her theory that an injury to the deceased had been caused by the lack of brakes on the wagon and of breeching on the harness, which in turn had made his team, in their effort to keep out of the way of the loaded wagon when it was descending down hill into the creek bed, travel at too great a rate of speed for the terrain, and thus upset the load and throw it and the deceased off the wagon with his resulting injury and subsequent death. To substantiate this theory there was evidence that on two other occasions (one just the day before that on which intestate was fatally injured) the same team at the same spot and using the same harness had upset the loads on the wagon and thrown them into the creek bed. On both of these occasions the team was being driven by other drivers than the deceased.

The defendant under his first contention urges that the facts substantially as above narrated are insufficient to show any primary negligence, and cites in support of this contention Earl, Adm'x, v. Oklahoma City-Ada-Atoka Ry. Co., 187 Okla. 100, 101 P. 2d 249; Gypsy Oil Co. v. Ginn, 152 Okla. 30, 3 P. 2d 714; Union Transportation Co. v. Lamb, 190 Okla. 327, 123 P. 2d 660. An examination of the authorities so cited will reveal, however, that they do not sustain the contention so made and will not bear the interpretation which the defendant seeks to place thereon. As said in Chicago, R. I. & P. Ry. Co. v. Rogers, 60 Okla. 249, 159 P. 1132:

"It is the duty of the master to furnish his servant with a reasonably safe place to work and with reasonably safe tools and appliances with which to work, taking into consideration the nature and character of the work to be performed and the dangers therefrom, and this duty cannot be delegated by him so as to relieve him of liability for injuries resulting from its violation."

As pointed out above, the evidence in the record shows without serious controversy that the foreman knew of at least two previous occasions when the team which deceased had been furnished had upset the load by reason of failure to have brakes on the wagon and breeching which would enable them

to hold the wagon off of them when descending a hilly or sloping terrain, and that the foreman recognized the fact that such harness was unsafe for use and had promised to correct the condition and furnish the deceased with a new set of harness with breeching at a subsequent date. It was the duty of the employer to furnish the deceased with reasonably safe tools with which to perform the work which he was required to perform, and the failure to do so was sufficient to establish primary negligence.

Under the next proposition defendant contends that even though he was primarily negligent in failing to furnish the deceased harness which had breeching thereon, there is no evidence to show that this negligence was the proximate cause of the injury which resulted in the death of the plaintiff's intestate. In support of the contention so made, we are cited to Lowden v. Friddle, 189 Okla. 415, 117 P. 2d 533; Safeway Stores v. Fuller, 189 Okla. 556, 118 P. 2d 649; Guthrie v. City of Henryetta, 177 Okla. 122, 57 P. 2d 1165; Atchison, T. & S. F. Ry. Co. v. Howard, 186 Okla. 446, 98 P. 2d 914; Atchison, T. & S. F. Ry. Co. v. Phillips, 158 Okla. 141, 12 P. 2d 908, and a number of other decisions both from this and other jurisdictions, which are authority for the general rule that causal connection between negligence alleged and injury sustained must be proved and cannot be presumed. The rule invoked is a sound one, but is inapplicable to the facts shown by the record in the case at bar. While there was no eyewitness to what took place just prior to the moment when plaintiff's intestate fell or was thrown from the wagon, it was not essential to a recovery by plaintiff that proof be made by testimony of such eyewitness. It is well established that proof of injury resulting from negligence may be made by circumstantial evidence, and to sustain a verdict such proof does not have to rise to the degree of certainty which would exclude every reasonable conclusion other than that arrived at by the jury. Ramsey Oil Co. v. Dunbar, 172 Okla. 571, 46 P. 2d 535; Missouri-Kansas-Texas Ry. Co. v. Embrey, 168 Okla. 433, 33 P. 2d 481. As has been said in Highway Construction Co. v. Shue, 173 Okla. 456, 49 P. 2d 203:

"In a civil case all that the plaintiff is required to prove in order to establish causal connection between defendant's negligence and plaintiff's injury, is to make it appear more probable that the injury came in whole or in part from the defendant's negligence than from any other cause, and this fact may be established from circumstantial evidence. . . . .

"Where a causal connection is sought to be established by circumstantial evidence, there are two important questions: (1) Does the inference of causal connection spring directly and reasonably from the facts in evidence, as distinguished from arising out of another inference interspersed between it and the facts? and (2) Is there evidence to sustain the conclusion of greater probability that the injury came in whole or in part from the defendant's negligence than from any other cause? Usually, if those questions are answered in the affirmative, the causal connection is considered established, otherwise not."

The evidence of plaintiff showing prior accidents had with the same team at the same spot and with the same equipment and the physical facts existing at the time the deceased was found were in our opinion sufficient, when measured by the rule announced in the foregoing cases, to sustain a finding of causal connection between the negligence averred and the injury sustained by plaintiff's decedent.

What we have heretofore said makes any discussion of the contention of the defendant under the third and fourth propositions unnecessary. See Fairmont Creamery Co. v. Rogers, 189 Okla. 320, 116 P. 2d 983.

Under the final proposition defendant contends that the trial court erred in giving instruction No. 7, which reads as follows:

"You are further instructed that it is not sufficient, however, for the plaintiff to prove that the defendant was guilty, in addition, thereto, she must have

proven that the defendant's negligence, if any, was the proximate cause of W. J. Hick's injuries. By proximate cause is meant the immediate and direct cause without the intervention of some other cause and without which the accident would not have occurred.

"The proximate cause of any injury may be proved by circumstantial evidence and where circumstantial evidence is relied upon, it is necessary that the evidence show the injury complained of to have more probably resulted in whole or in part from the defendant's negligence than from any other cause."

And in refusing to give defendant's requested instruction No. 2, which reads as follows:

"You are instructed that by the term 'proximate cause' is meant that which, in the natural and continuous sequence, unbroken by any independent cause, produces that event, and without which the event would not have occurred. In order that an act of negligence on the part of the defendant may be deemed the proximate cause of the death of plaintiff's intestate, it must be such that a person of ordinary intelligence would have foreseen that the injury was liable to be produced in the negligent act. The likelihood of the result must be such that a reasonable person could foresee that injury would result in the ordinary course of things. A mere possibility of the injury is not sufficient, where a reasonable man would not consider injury likely to result from the act as one of its ordinary and probable results. In the event you find that defendant was negligent in one or more of the particulars alleged by plaintiff, you must also find that an ordinarily reasonable person could have foreseen the injury to plaintiff's intestate resulting from such negligence, in order to find for the plaintiff, and if you do not so find, your verdict should be for the defendant."

The vice in the above-quoted instruction No. 7 is said to consist in the omission therefrom of a charge that any injury sustained as a result of negligence must be shown to have been such as could have been foreseen by the negligent party. In support of the contention so made, we are cited to St. Louis-S. F. Ry. Co. v. Gilbert, 185 Okla. 591, 95 P. 2d 123; Larrimore v. American National Insurance Co., 184 Okla. 614, 89 P. 2d 340, and a number of other cases which are authority for the rule that definition of proximate cause in instructions given should advise as to the necessity of the injury being one which could have been reasonably foreseen by a prudent person in the exercise of due care. It will be observed that the instruction given was defective in this respect when considered in the light of what we have said in the cases of Butts v. Anthis, 181 Okla. 276, 73 P. 2d 843, and Oklahoma Gas & Electric Co. v. Wilson, 172 Okla. 540, 45 P. 2d 750. The instruction requested by defendant, however, did not conform to the rule announced in Butts v. Anthis, supra; Oklahoma Natural Gas Co. v. Courtney, 182 Okla. 582, 79 P. 2d 235; Black Gold Petroleum Co. v. Webb, 186 Okla. 584, 99 P. 2d 868.

The instruction given, although technically erroneous, does not appear to have been one which could have misled the jury, and therefore does not constitute a sufficient ground for reversal. See 22 O. S. 1941 § 1068. Instruction No. 2 requested by the defendant was not correct in form or substance, and therefore its refusal did not constitute error. See Greis v. Mitchell, 185 Okla. 136, 90 P. 2d 894; Stranger v. Files, 182 Okla. 475, 78 P. 2d 418. The case appears to have been tried upon instructions fundamentally sound and harmonious, and no reversible error is presented.

Judgment affirmed.

OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.