STOCKETT v. STEELE, Adm'r.

No. 32067. May 14, 1946.

*169 P. 2d 195.*

Blakeney & Blakeney, of Oklahoma City, for plaintiff in error.

Embry, Johnson, Crowe, Tolbert & Shelton, of Oklahoma City, for defendant in error.

PER CURIAM. This action was commenced by J. L. Steele, administrator of the estate of Buddy Samuel Steele, deceased, to recover against W. T. Stockett for the wrongful death of Buddy Samuel Steele when he was crushed beneath the wheels of a truck sustaining injuries from which he died. Judgment was rendered for the plaintiff for $3,350 on a verdict after a trial to the jury, and defendant appeals.

It is first argued that the trial court erred in submitting the issues of fact to the jury. The defendant demurred to the evidence offered by the plaintiff and at the conclusion of all the evidence moved for directed verdict, and both motions were denied. It becomes necessary, therefore, to review the evidence.

The record discloses that the defendant was a house moving contractor, and on the 24th day of November, 1942, was moving a house down Tenth street in Oklahoma City. Two trucks were being used and a portion of the house was on each truck, the one trailing the other. Decedent was riding in a truck driven by Floyd Srader, an employee of the defendant, when in some manner he was thrown beneath the wheels of the truck sustaining the injury from which death resulted on November 26, 1942. The accident occurred 15 blocks east of Eastern avenue on Tenth street. The plan for moving the house was that the trucks should follow one another down the highway. For this purpose the defendant went ahead of the trucks to warn oncoming traffic. A flagman rode with each of the drivers of the trucks. It was the duty of these flagmen to alight from the truck while it was moving and adjust the position of the passing traffic with that of the moving houses. The trucks were never stopped but were driven at the approximate speed of five miles per hour. At the commencement of the moving of the house decedent was riding with his brother, Leo Steele, in the front truck. At the time of the accident he was riding with the truck driven by Floyd Srader. No eyewitness testified as to the manner of the death of the decedent.

The defendant states that the inference of negligence must be the more probable and more reasonable inference to be drawn from the evidence and cites in support thereof, Gypsy Oil Co. v. Ginn, 152 Okla. 30, 3 P. 2d 714; Atchison, T. & S. F. R. Co. v. Phillips, 158 Okla. 141, 12 P. 2d 908, and related cases. The testimony of Leo Steele, brother of Buddy Samuel Steele, was to the effect that at the time of the accident decedent was riding in a 1923 Mack truck driven by Floyd Srader; that decedent had been acting as flagman for the front truck but went back to the truck driven by Srader to act as flagman for him; that part of the floor boards of the cab of the Srader

truck were missing. There was also evidence of an inferior or insufficient seating in the truck. Due to defective condition of the cab the angle iron or iron that braced the floor of the truck stuck up from the floor of the truck and became a hazard. Floyd Srader did not testify.

It was the theory of the plaintiff that the decedent caught his foot on the angle iron or on the space left by the missing boards and was hurled beneath the right rear wheel of the truck. A shoe of decedent was introduced in evidence which is the occasion of much controversy. Plaintiff claims that this shoe reflects the above stated condition. The defendant asserts that if the shoe of decedent had hung so firmly as to damage it and dislodge paint from the angle iron, as testified to by the plaintff's witness, decedent would have stayed in the truck. This is to argue a question of fact which is purely for the jury. Plaintiff's argument in this respect is that defendant could have produced the driver of the truck in which Buddy Steele was riding and made at least positive proof as to what happened in the truck, and cites Moore v. Adams, 26 Okla. 48, 108 P. 392; Atchison, T. & S. F. R. Co. v. Davis & Young, 26 Okla. 359, 109 P. 551, which hold that when it lies within the power of a party to an action to produce evidence upon an issue and he fails, the presumption follows that the evidence if produced would be unfavorable to the cause of such party. However, we find it unnecessary to make application of this rule in the case at bar. We have said that a causal connection between negligence alleged and the injury sustained may be proved by circumstantial evidence; that where a causal connection is sought to be established by circumstantial evidence, there are two important questions: (1) Does the inference of causal connection spring directly and reasonably from the facts in evidence, as distinguished from arising out of another inference interspersed between it and the facts? And

(2) is there evidence to sustain the conclusion of greater probability that the injury came in whole or in part from the defendant's negligence than from any other cause? Usually, if those questions are answered in the affirmative, the causal connection is considered established, otherwise not. Buxton v. Hicks, 191 Okla. 573, 131 P. 2d 1015; Highway Construction Co. v. Shue, 173 Okla. 456, 49 P. 2d 203. The defendant offered proof to show that any abrasion of the leather on the heel of the shoe or defect in the heel of the shoe worn by Buddy Steele was caused by the wheel of the truck passing over it. The plaintiff's argument in this respect is that the foot was not injured and that this is positive evidence that the truck did not run over Buddy Steele's foot. There is competent evidence of defendant's negligence in furnishing the decedent a defective truck with which to work, and that this negligence was the proximate cause of the injury. As to whether the foot of Buddy Steele was caught on the angle iron or on the boards or was run over by the truck or whether he was thrown from the truck due to some other defect of the truck are purely questions of fact for the jury under the rule announced in the above-cited cases.

We are of the opinion, and hold, that the trial court did not err in submitting the case to the jury.

It is next argued that the trial court erred in not discharging the jury for the reason that on the voir dire the question was submitted to the jury as to whether or not they held any stock in any insurance company. We are of the opinion, and hold, that there was no error in this respect. Harris v. Elliott, 178 Okla. 98, 61 P. 2d 1089; Kennedy v. Raby, 174 Okla. 332, 50 P. 2d 716. In Kennedy v. Raby, supra, we held:

"While the jury was being examined on their voir dire, plaintiff's attorney propounded to the jury as a whole the following question: 'At this time, I want to ask if any of you have

any interest whatsoever in any insurance company that carries indemnity insurance indemnifying persons against liability in automobile accidents?' Defendants' objection to the question was overruled: *held,* under the circumstances, not reversible error."

The judgment of the trial court is affirmed.

HURST, V.C.J., and RILEY, OSBORN, DAVISON, and CORN, JJ., concur. GIBSON, C.J., and BAYLESS and WELCH, JJ., dissent.