Roy M. PEACE and Ada M. Peace, Plaintiffs in Error,

v.

Ralph V. LOWE and Merle E. Smith, a Co-Partnership doing business as Ramona Hardware Company, Defendants in Error.

No. 36656.

Supreme Court of Oklahoma.

Nov. 1, 1955.

Ralph B. Brainard, Claremore, for plaintiffs in error.

Holliman & Brewer, Bartlesville, Rucker, Tabor & Cox, Tulsa, for defendants in error.

DAVISON, Justice.

This action was commenced by Roy M. Peace and Ada M. Peace, plaintiffs against the defendants Ralph V. Lowe and Merle E. Smith, owners of the Ramona Hardware Company, to recover for the death of their seventeen year old son. The trial court sustained a demurrer to the evidence and plaintiffs appeal.

On July 8, 1952, W. H. Thomas, owner of the premises hereinafter mentioned, the defendant Merle E. Smith and Roy Peace, Jr., an employee of the defendants, were attempting to place tubing and rods sold by defendants to W. H. Thomas in a water well in the northwest corner of the premises. This well was 16 feet 6 inches from a line parallel with a power line. The power line was 23 feet 9 inches high and the distance from the well diagonally to the east wire of the power line measured 28 feet 3 inches. Between the well and the fence along which the power line ran was a ditch for a water line. This ditch was approximately 14 inches deep and the same distance across. At the time of the accident it was open. A contrivance consisting of a cylinder, a length of tubing 21 feet and two sucker rods 18 feet each were fastened together. For convenience this contrivance shall be hereafter referred to as the unit. It measured approximately 37 feet. As the three men attempted to raise the unit for the purpose of inserting it in the well it struck the power line and Thomas and Peace were killed. Although injured, Merle Smith, one of the defendants, survived. He was the only eyewitness. He testified that they had placed the unit in approximately a vertical position when decedent's foot slipped on the edge of the water ditch and the unit in falling came in contact with the power line.

Plaintiffs present the single position of failure to furnish a safe place to work and failure to furnish safe tools and appliances in three particulars.

It is first argued that it was the duty of defendants through the defendant Merle Smith to inform decedent of the position and location of the power line and warn him of its danger. The record contains no evidence of negligence by reason of a failure to warn decedent of the location of the power line or to inform him of its danger.

Merle Smith testified that W. H. Thomas had placed his foot against the edge of the unit at the bottom thereof where the cylinder was fastened in order to hold it against the top or curbing of the well. At some time during the process of elevating the unit Thomas took hold of the unit and at the time of the accident all three men were holding the unit in place. There is no evidence that a warning to the decedent of the dangers of the power line would have prevented the accident.

It is next argued that it was the duty of the defendants to furnish some appliances such as a hoisting frame or vice to hold the assembly in position. The defendant Smith testified that the unit was readily handled by the three men; that it weighed between 70 and 80 pounds. The evidence discloses that the action of the defendant Smith in attempting to place the unit in the well was a reasonable one under all of the circumstances and if the defendants used a reasonably safe method of placing the unit in the well there is no primary negligence to be charged to them because of the accident. Palmer v. Wichita Falls & N. W. Ry. Co., 60 Okl. 205, 159 P. 1115.

Finally it is argued that it was the duty of defendants through the defendant Merle Smith to fix such a unit as could be inserted in the well without danger to the decedent. Merle Smith testified that when the tubing 21 feet long was placed on a cylinder and the first rod 18 feet long

was placed in the tubing W. H. Thomas suggested that the second rod be fastened thereon so that the unit could be lowered in the well and the rest of the tubing and rod fastened thereon after the unit had been placed in the well. On cross-examination he admitted that if a smaller length of tubing had been used the single length of tubing and the single rod affixed to the cylinder could have been lowered into the well and the rest of the tubing and rods placed thereon. Plaintiffs argue that the failure to do this constituted primary negligence and they cite in support thereof: Nelson v. Wasteka Oil Co., 196 Okl. 439, 165 P.2d 637; Luper Transportation Co. v. Campbell, 192 Okl. 45, 133 P.2d 197; Buxton v. Hicks, 191 Okl. 573, 131 P.2d 1015; Wright v. Clark, 177 Okl. 628, 61 P.2d 192; McDuff v. McFarlin, 185 Okl. 569, 95 P.2d 636.

We have carefully examined these cases and are of the opinion that they do not support primary negligence in the case under consideration. In each of these cases there was positive evidence either to prove some defective instrument, tool or appliance as in McDuff v. McFarlin, supra, or there was positive evidence of expert witnesses that failure to use a certain method or device was negligence. See, Nelson v. Wasteka Oil Co., supra. No witness testified as to the proper method of placing the unit in the well with the exception of defendant Merle Smith. His testimony reflects that in assembling the unit and attempting to place the same in the well he acted in a reasonably prudent manner under all the circumstances. In such case it has been repeatedly held that there is no primary negligence. See, in this connection, Sears, Roebuck & Co. v. Skeen, 207 Okl. 180, 248 P.2d 582, 583. Therein it is stated:

"Where no evidence is submitted in the trial of a personal injury action for damages to establish primary negligence on the part of the defendant, it is the duty of the trial court to sustain a demurrer to the plaintiff's evidence or direct a verdict for the defendant."

The trial court did not err in sustaining the demurrer to the evidence.

Judgment affirmed.

WELCH, CORN, JACKSON and HUNT, JJ., concur.

JOHNSON, C. J., WILLIAMS, V. C. J., and HALLEY and BLACKBIRD, JJ., dissent.