Patricia Lou RUTH, Plaintiff in Error,

v.

Thelma Mae REEVES, Defendant in Error.

No. 37847.

Supreme Court of Oklahoma.

May 12, 1959.

Rucker, Tabor & Cox, Tulsa, for plaintiff in error.

J. J. Smith, R. W. Smith, H. G. E. Beauchamp, Miami, for defendant in error.

JACKSON, Justice.

Plaintiff, Thelma Mae Reeves, brought this action against the defendant, Patricia Lou Ruth, to recover for personal injuries sustained in an automobile collision. From a jury verdict and judgment for plaintiff thereon in the amount of $10,000 defendant appeals.

Immediately prior to the accident plaintiff was driving south on a through street in Miami, Oklahoma. Defendant, driving west, entered said street from an intersecting street on which there were stop signs. The cars collided in the intersection.

Plaintiff's evidence was to the effect that defendant ran the stop sign at a speed of 55 or 60 miles an hour, and that plaintiff's speed prior to the accident was about 25 miles per hour.

Defendant testified that as she approached the intersection she was traveling 10 to 15 miles per hour; that she stopped at the stop sign and saw plaintiff's car about one-half or two-thirds of a block away; that she then proceeded into the intersection; that plaintiff's speed was approximately 50 miles an hour. Defendant does not question the sufficiency of the evidence to support the judgment.

In two of her propositions defendant urges reversible error in the court's instructions to the jury. In her reply brief defendant admits that she failed to preserve exceptions to the instructions in the manner prescribed by 12 O.S.1951 § 578. But defendant argues that there is an erroneous statement of fundamental law, appearing upon the face of the instructions which is reviewable under authority of National Tank Co. v. Scott, 191 Okl. 613, 130 P.2d 316, even though exceptions to the instructions were not preserved.

The trial court instructed as to the duty of a driver approaching a through street with stop signs erected at the entrance thereto. Defendant states that such instruction was a proper interpretation of the applicable City Ordinance and is consonant with the applicable state law set forth in 47 O.S.1957 Supp. Sec. 121.6(d) giving the right of way to the driver not so obliged to stop. The alleged misstatement of fundamental law arises by reason of Instruction No. 24, wherein the trial court further instructed that plaintiff also had the right of way because she was approaching from defendant's right, and Instruction No. 27, wherein the court again referred to this rule and the exception in favor of the vehicle not favored when it enters the inter-

section ahead of the favored vehicle, and pointing out that said exception would not operate in favor of defendant unless defendant first stopped at the stop sign.

The last mentioned instructions were clearly surplusage. The rule favoring the vehicle on the right, and the exception thereto where the other vehicle enters the intersection first are not applicable where traffic on one of the two intersecting streets is protected by stop signs. Guegel v. Bailey, 199 Okl. 441, 186 P.2d 827, and the stop signs are authorized by statute or ordinance, Riss & Company v. Reed, Okl., 301 P.2d 208. But in this case even though the instructions complained of constitute erroneous statements of law, they are no more than harmless error, and in fact tend to favor defendant.

Because of the stop sign defendant was not privileged to enter the intersection so long as cars were approaching so close as to constitute an immediate hazard. Instruction No. 27 of which defendant complains contains a suggestion that if defendant stopped she could then acquire the right of way by merely entering the intersection ahead of the plaintiff. This is not the law, Fauks v. Garrett, 205 Okl. 129, 235 P.2d 921, but was more favorable to defendant than harmful.

We conclude that the challenged instructions were not prejudicial to the defendant.

Defendant's remaining proposition is that the trial court erred in denying her motion for mistrial by reason of a question propounded to the jurors collectively on the voir dire examination. After twelve jurors had been passed for cause, but prior to any challenges, plaintiff's attorney was granted permission to ask another question and then asked the following question:

"Q. All of you, please, do any of you have any interest whatsoever in any insurance company that carries indemnity insurance indemnifying persons against liability in Automobile accidents, any of your (sic) or your husbands."

In Redman v. McDaniel, Okl., 333 P.2d 500, we held in the syllabus as follows:

"The parties have a right to question prospective jurors on their business connections, among other things, in order to determine their fitness in the particular case, and this includes the matter of insurance companies when there is occasion to inquire thereon, but where plaintiff's counsel does not follow the practice of asking general preliminary questions in voir dire as recommended in Safeway Cab Service Co. v. Minor, 180 Okl. 448, 70 P.2d 76, and explained herein, and unnecessarily and effectively suggests that the loss would fall upon an insurance company, prejudice results, and this court will review the evidence and grant appropriate relief either by directing a remittitur or by ordering a new trial."

Plaintiff relies on Stockett v. Steele, 197 Okl. 134, 169 P.2d 195, decided subsequent to the Safeway Cab case, wherein we held that the trial court did not err in failing to discharge the jury after they had been asked if they held any stock in an insurance company. So far as reflected in that opinion no preliminary questions were asked. However, that case cannot be considered as authority for plaintiff's position because in Redman v. McDaniel, supra, we expressly overruled all "former decisions of this court in conflict with the views herein expressed," and reaffirmed the rule of the Safeway Cab case. We think it clear that the above question suggested that the loss would fall on an insurance company.

Plaintiff further contends that since the record does not show that part of the voir dire examination which preceded the question under consideration, we must assume that her attorneys asked proper preliminary questions, the answers to which necessitated the subject question. In this connection it is asserted that since defendant was the appealing party it was her duty to see that a complete record was made. In the Safeway Cab case it is held in the second paragraph of the syllabus [180 Okl. 448, 70 P. 2d 77] "but, in order to be in good faith

in this respect, general preliminary questions should be asked." In the Redman case we said that it should not be indicated "to the jury that the defendant is protected in insurance unless it is necessary to obtain a jury free from favoritism toward the defendant." It is manifest that the quoted language amounts to an absolute prohibition *unless* after good faith efforts to avoid asking such a question it becomes necessary to do so. In our opinion it would be a rare case where it would become necessary to ask such a question as that asked in the instant case. Therefore, we will not presume that it was necessary, but to the contrary will presume that it was unnecessary, which means that the one asking such question has the burden of proving that he complied with the procedure announced in the Safeway and Redman cases. Where, as in the instant case, it appears that no one but the plaintiff knew that such a question was going to be asked it would be unreasonable to hold that the defendant must anticipate same and ask for a record of the entire voir dire examination.

In the Redman case we held, as a matter of law, that prejudice results when it is made to appear that the defendant is protected by indemnity insurance. It having so appeared, and plaintiff having failed to show that this information was necessarily imparted to the jury, we are compelled to either reverse or order a remittitur under the rule announced in that case.

▪ It does not appear that the matter of insurance was referred to in any manner during the remainder of the trial. We will not assume that it was repeatedly mentioned in that portion of the voir dire not shown in the record. In the Redman case, which we reversed for new trial the record affirmatively disclosed numerous references to insurance.

The judgment is affirmed on condition that plaintiff file a remittitur of $2,500 in the trial court within ten days from the issuance of the mandate herein; failing which the judgment is reversed and remanded for a new trial.