Helen L. GIBSON, Administratrix of the Estate of Edwin M. Gibson, Deceased, Plaintiff in Error,

v.

PLYWOOD TULSA, INC., Defendant in Error.

No. 39980.

Supreme Court of Oklahoma.

Dec. 18, 1962.

Rehearing Denied Jan. 22, 1963.

Greer & Greer, Tulsa, for plaintiff in error.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph M. Best, O. H. "Pat" O'Neal, Tulsa, for defendant in error.

JACKSON, Justice.

In the trial court, plaintiff Helen L. Gibson, as administratrix of the estate of Edwin M. Gibson, deceased, sued defendant, Plywood Tulsa, Inc., for damages resulting from the wrongful death of Edwin M. Gibson in an automobile accident. Defendant's demurrer to plaintiff's evidence was sustained, and plaintiff appeals.

The accident happened shortly after 8 o'clock P.M. on May 2, 1959, at the intersection of two highways in Tulsa County. Plaintiff's decedent was driving his automobile north on a north-south "through" highway; defendant's truck, driven by its employee, Gober, was traveling west approaching an intersection with the through highway. Shortly after the truck turned north on the north-south highway, it was struck from the rear by the car driven by plaintiff's decedent.

Liberally construed, plaintiff's petition alleged that defendant's employee, Gober, was negligent in three particulars: (1) failing to stop at the stop sign; (2) failing to keep a proper lookout; and (3) in entering the through highway at a time when Gibson's car was so close as to constitute an "immediate hazard" within the meaning of 47 O.S.1951 § 121.6(c) (now repealed).

Both drivers were killed and the only witness to the accident was Kenneth Fletcher, who was riding with Gober in defendant's truck.

As a witness for *plaintiff*, Fletcher testified unequivocally on direct examination that Gober did stop at the stop sign, and that he looked both ways before proceeding into the intersection. There is no testimony at all as to the distance between Gibson's car and the intersection at the time Gober's truck entered it, or whether it was close enough to constitute an "immediate hazard" within the meaning of the cited statute.

One of the other witnesses testifying for plaintiff was the investigating highway patrolman. He testified in effect that Gober's view to the left at the stop sign was unobstructed for over a mile, and that there were no skid marks leading up to the point of impact, which was 67 feet north of the north side of the intersection. He gave no other testimony, as an expert or otherwise, having a bearing on any of the allegations of negligence contained in plaintiff's petition.

On appeal, plaintiff argues generally that a demurrer to the evidence admits every fact which the evidence, in the slightest

degree, tends to prove citing Bush v. Middleton, Okl., 340 P.2d 474, and this may be conceded to be a correct general statement of the rule.

It is obvious that the portion of the testimony of plaintiff's witness Fletcher above noted is unfavorable to plaintiff, and that under the rule stated in the fourth paragraph of the court's syllabus in Bush v. Middleton, supra, it is to be considered withdrawn for purposes of the demurrer to the evidence. In such case, however, there remains in the record *no evidence at all* on any of the allegations of negligence in plaintiff's petition.

The other cases relied upon by plaintiff are Hansen v. Cunningham, Okl., 258 P.2d 906, and Thompson v. Hertz Corporation, Okl., 366 P.2d 752. In the Hansen case, there was evidence that plaintiff's car was only 40 feet from the intersection when defendant's car entered it, and we held in effect that this testimony raised a question of fact for the jury as to whether plaintiff's car was close enough to the intersection to constitute an "immediate hazard" within the meaning of a Tulsa ordinance very similar to the cited statute. As we have heretofore noted, there is no evidence at all in the case now before us as to how close Gibson's car was to the intersection when Gober's truck entered it, and the Hansen case is therefore not in point.

■ The same is true of Thompson v. Hertz Corporation, supra. There was evidence in that case that defendant's truck was about 50 or 60 feet away from the intersection when plaintiff's car entered it, thus raising a jury question as to whether it was close enough to constitute an "immediate hazard."

The instant case is distinguishable from Hansen v. Cunningham and Thompson v. Hertz Corporation, supra, in that in this case the only fact which throws any light upon the question of whether defendant's vehicle entered the intersection at a time when Gibson's car was so close as to constitute an immediate hazard, is that the point of impact was 67 feet north of the north line of the intersection. However, we do not know whether defendant's driver made a square turn at the intersection or cut the corner and thus cannot determine how far he travelled after entering the intersection or the time required to reach that point. We do not know the speed of defendant's vehicle after it entered the intersection. The evidence does not reflect the speed of plaintiff's vehicle and there were no skid marks laid down from which it might have been computed by an expert. It follows that we do not know and are unable to determine how far plaintiff's vehicle was from the intersection when defendant's vehicle entered it. While it is true that reasonable men may draw different conclusions from facts presented it is also true that sufficient facts must be presented to support any conclusion. In this case there are not enough facts to support a conclusion that plaintiff's vehicle was so close to the intersection at the time defendant's vehicle entered it as to constitute an immediate hazard.

In her brief, plaintiff says that the demurrer admits the following to be true: that Gober had been driving for 26 hours without sleep; that "it is uncertain" whether Gober turned at the stop sign or "cut the corner"; that Gober's view to his left was unobstructed; that the accident happened "right after" Gober pulled onto the through highway; and that it was dark at the time of the accident. However, assuming that this evidence does appear in the record, we cannot find in any of these allegedly admitted facts, any evidence of actionable negligence on the part of Gober.

■ Where there is no evidence submitted in the trial of a personal injury action resulting in death to establish primary negligence on the part of defendants, it is proper for the trial court to sustain demurrer to plaintiff's evidence or direct a verdict for the defendants. Peace v. Lowe, Okl., 289 P.2d 675.

The judgment of the trial court is affirmed.