## TAYLOR et al. v. GREEN et al.

No. 16821—Opinion Filed Sept. 28, 1926.

1. **Appeal and Error—Discretion of Trial Court—Allowing Plaintiff to Dismiss Case After Submission to Jury.**

After a case is finally submitted to a court or jury, the plaintiff has no legal right to dismiss his case without prejudice. It is a matter resting in the sound discretion of the court, and its ruling will not be reversed unless it appears that such discretion has been abused.

2. **Appeal and Error—Sufficiency of Evidence in Equity Case—Validity of Royalty Deed.**

In an equitable action the judgment of the trial court will not be disturbed unless the same is clearly against the weight of the evidence. Held, that the judgment in the instant case is not against the weight of the evidence and the same will not be disturbed.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Louis Taylor et al. against J. H. Green et al. Judgment for defendants, and plaintiffs bring error. Affirmed.

A. E. Montgomery, for plaintiffs in error.

Erwin & Erwin, for defendant in error J. H. Green.

Opinion by JARMAN, C. This was an action by Louis Taylor and Mary V. Taylor against J. H. Green and the Douglas Oil Company, a corporation, to cancel a certain royalty deed by reason of fraud alleged to have been practiced upon the plaintiffs by the defendants in procuring said deed. Judgment was for the defendants, and the plaintiffs have appealed.

The first proposition urged by the plaintiffs is that the trial court erred in refusing to dismiss the action without prejudice upon application of the plaintiffs.

The record discloses that the plaintiffs were the only witnesses who testified in their behalf, and at the conclusion of their testimony, the announcement was made that plaintiffs rested their cause, thereupon the defendants introduced several witnesses in their behalf, and at the conclusion of their testimony the plaintiffs sought to amend their petition by designating certain other parties as defendants, who appear to claim some interest in the property. This application was denied, and then the plaintiffs asked permission of the court to dismiss their action without prejudice. In response thereto, the defendants sought and were granted permission to introduce certain records to resist the application of plaintiffs to dismiss their action without prejudice. The records so introduced by the defendants tended to show that the defendants had transferred their interests in the property or lease to other persons. These records, however, were stricken from the record by the court on its own motion. In addition to the foregoing records, the plaintiffs introduced the records in a former case filed by the plaintiffs for the cancellation of the royalty deed in question, which showed that the plaintiffs had dismissed the action without prejudice. The court denied the plaintiffs the right to dismiss the instant action without prejudice, and rendered judgment in favor of the defendants. While there is no formal announcement appearing in the record that the plaintiffs and defendants had closed their case, or that the case had been finally submitted on its merits, however, there is nothing in the record to indicate that the plaintiffs or the defendants had any further evidence to produce.

On the contrary, an examination of the record discloses that the plaintiffs and the defendants had concluded their evidence the merits of the case at the time the application to dismiss without prejudice was made by the plaintiffs. The trial court took this view of the case. The journal entry of judgment recites that the plaintiffs and defendants offered their evidence in open court and rested. We think the record clearly shows that all parties had finally submitted the case on its merits at the time the application to dismiss was made. After a case is finally submitted, the plaintiff has no legal right to dismiss his cause of action without prejudice; it is then a matter resting within the sound discretion of the trial court, and the ruling of the trial court on the applica-

tion to dismiss without prejudice will not be reversed unless it is made to appear that its discretion has been abused. Dickerman v. Crane (Kan.) 57 Pac. 307; Ashmead v. Ashmead, 23 Kan. 262; McKinley v. Shull (Kan.) 212 Pac. 898. A plaintiff is not entitled, as a matter of right, to dismiss his action where the case is finally closed and submitted on its merits. Section 664, C. S. 1921.

The plaintiffs and the defendants in the instant case having finally closed and submitted their case on its merits, the application of the plaintiffs to dismiss their action without prejudice rested within the sound discretion of the trial court, and there being nothing to indicate that the trial court abused its discretion in denying the application to dismiss, its ruling on said application will not be disturbed on appeal.

The next and only remaining proposition urged by plaintiffs for a reversal is that the trial court erred in rendering judgment under the evidence in the case in favor of the defendants. This was purely an equitable proceeding, and the judgment of the trial court will not be disturbed unless it is clearly against the weight of the evidence. We have carefully examined the record in this regard, and find that the evidence clearly supports the judgment of the trial court.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 829, §2812; p. 900, §2869; 18 C. J. pp. 1155, 1156, §22: 9 R. C. L. p. 196.