GUEGEL v. BAILEY.

No. 32855.   Sept. 30, 1947.

Rehearing Denied Nov. 25, 1947.

*186 P. 2d 827.*

Howard K. Berry (William A. Wilson and Alma Bell Williams, of counsel), all of Oklahoma City, for plaintiff in error.

Rex H. Holden and Monnet, Hayes & Brown, all of Oklahoma City, for defendant in error.

DAVISON, V.C.J.   This is an action wherein plaintiff, as widow and next of kin of Zenon Joseph Guegel, deceased, seeks to recover damages for the death of her husband in an automobile collision resulting from the alleged negligence of defendant.

Tenth street is a through street running east and west through Oklahoma City, protected by stop signs on intersecting streets.   At the west city limits it is intersected by Portland avenue, which runs north and south and which has a stop sign on it some 15 to 25 feet north of the intersection.   On the morning of January 21, 1946, defendant was driving an automobile west on Tenth street at approximately 30 to 35 miles per hour, approaching the above intersection.   Plaintiff's decedent was driving south on Portland avenue toward Tenth street. A local transportation bus, head-

ed north, had stopped on the east side of Portland avenue just north of Tenth street.

After the deceased had stopped or slowed down, he drove into Tenth street, from behind the bus, immediately in front of defendant's car. She applied the brakes as soon as she could, but her car collided with plaintiff's husband's car, as a result of which he died.

The case was tried to a jury and from a verdict and judgment for defendant, plaintiff has appealed.

Complaint is made of the action of the trial court in refusing to give the following requested instruction:

"You are instructed that it is provided under the laws of this state, that at intersecting roads or streets, vehicles approaching from the right shall have the right of way over those approaching from the left, and further that the first vehicle to enter the intersection has the right of way and it is the duty of the drivers of vehicles thereafter entering the intersection, to so operate their vehicles that a collision with the vehicle first entering the intersection, will be avoided."

This instruction is founded upon 69 O.S. 1941 §583, and in support thereof plaintiff cites the cases of Stroud v. Tompkins, 193 Okla. 483, 145 P. 2d 396, and McIntire v. Burns, 172 Okla. 152, 42 P. 2d 143. Neither of these cases involves a situation where one of the intersecting streets has a stop sign on it, nor has this question been before this court.

However, an almost identical fact situation existed in the case of Ambra v. Woolsey et al., 55 C.A. 2d 104, 130 P. 2d 152. Therein the California court said:

"Appellant cites many cases having to do with collisions in intersections which are not guarded by stop signs, and applying the familiar rule that the first automobile to enter the intersection has the right of way. Such cases have no application to a collision in an inter-section where one of the two highways is a boulevard protected from traffic on the other by stop signs. In such a situation the driver on the boulevard has a right to assume that the driver on the intersecting highway will obey the stop sign and yield him the right of way."

This rule is supported by the great weight of authority and is applicable here. The stop sign was placed on Portland avenue for the purpose of giving the right of way to cars on Tenth street because of the necessarily heavy traffic traveling thereon. Under such circumstances, there is little logic to the reasoning that a car traveling five miles an hour or less could move onto Tenth street in front of other cars legally traveling 30 miles an hour and because it entered the intersection a fraction of a second before the other, the statute controls and the driver of the latter car is negligent. The determination of negligence, under such circumstances, depends upon the use of that discretion which a reasonably prudent person would have exercised under the same circumstances. The provisions of the statute embodied in the requested instruction have no application in this case because they would be in direct conflict with all fundamental rules of law with regard to actionable negligence.

In the instant case the deceased drove from behind a bus onto Tenth street in front of defendant's car. From that time on defendant was required to act as a reasonably prudent person would have acted under such circumstances. The application of this rule determined whether or not she was negligent, not the statute. Therefore, the trial court did not err in refusing to give the requested instruction.

Plaintiff next contends that the giving of the following instruction by the trial court was erroneous:

"No. 18. You are instructed that the plaintiff's decedent would be guilty of negligence if he failed to stop at the stop sign at the intersection of the highways in question, provided you be-

lieve that an ordinarily prudent person, under like or similar circumstances, in the exercise of reasonable care, would have stopped at said stop sign, and if you do so believe you are further instructed that the defendant had a right to expect that the plaintiff's decedent would stop his car before entering the intersection, and to rely upon such expectation until such time as she saw, or in the exercise of reasonable care, should have seen that the plaintiff's decedent was not going to bring his car to a stop."

This instruction merely makes applicable to the present facts the universally adopted definition of actionable negligence—the failure to do that which an ordinarily prudent person, in the exercise of reasonable care, would have done under like or similar circumstances. This form of instruction, although in somewhat different words, was approved by the Kansas court in the case of Keir v. Trager et al., 134 Kan. 505, 7 P. 2d 49, 81 A.L.R. 181.

In the trial court, after all testimony had been introduced, after argument of counsel, after instruction of the jury and after the jury had been placed in the care and custody of the bailiff and was retiring from the courtroom, plaintiff attempted to dismiss the action without prejudice. The trial court refused to allow such dismissal, and plaintiff here urges the same as error.

We have heretofore, in the case of Taylor v. Green, 119 Okla. 297, 249 P. 393, held that, at that stage of proceeding, the allowance of a dismissal by plaintiff rests "in the sound discretion of the trial court and its ruling will not be reversed, unless it appears that such discretion has been abused." The trial court did not abuse its discretion under the facts in the present case.

The cause was fairly tried and presented to a jury under proper instructions and we find no error in any of the proceedings.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, CORN, and GIBSON, JJ., concur.