JOHNSON v. SHORT et al.

No. 33882.   May 29, 1951.

Rehearing Denied July 3, 1951.

*232 P. 2d 944.*

J. A. Rinehart, El Reno and Butler & Rinehart, Oklahoma City, for plaintiff in error.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, for defendant in error James Herman Short.

Ames, Ames & Daugherty, Oklahoma City, for defendant in error Aluminum Cooking Utensil Company.

WELCH, J. Action for damages was commenced by James Herman Short against Melvin Morris Johnson following a motor vehicle collision involving the parties. Johnson filed an answer and cross-petition in the case, wherein he denied charges of negligence made against him, and wherein he charged that the collision with resulting injuries to him was caused by the negligence of Short. Aluminum Cooking Utensil Company of New Kensington, Pa., was made a party defendant upon the motion of Johnson. It was alleged that Short was an agent of the Company acting within the scope of his authority at the time of the injuries. Johnson prayed for judgment against both Short and the Company. Short and the Company filed their separate answers to the cross-petition.

The cause was tried to a jury and resulted in verdict and judgment against a recovery of damages by either Short or Johnson. Johnson has appealed from an order overruling his motion for a new trial.

It is asserted that the trial court committed reversible error in failing to give certain requested instructions and in proceeding to give certain instructions to the jury.

The collision occurred in the intersection of a north-south and east-west county road. Short was traveling northward on the north-south road and entered the intersection from the south. Johnson was traveling eastward on the east-west road and entered the intersection from the west. There was testimony to the effect that there was a stop sign on the east-west road several feet west of the north-south road, and that Johnson did not stop at the stop sign and before entering the intersection.

Johnson testified that he stopped his vehicle at a stop sign several feet west of the north-south road before entering the intersection and that his vehicle was the first to enter the intersection.

Complaint is made by Johnson of the action of the trial court in refusing to give a requested instruction to the effect that the vehicle first entering the intersection has the right of way.

In Guegel v. Bailey, 199 Okla. 441, 186 P. 2d 827, in the first paragraph of the syllabus, the court said:

"Where one of two intersecting highways is a boulevard protected from traffic on the other by stop signs, the rule that first automobile to enter intersection has right of way does not ordinarily apply, and motorist on boulevard has right to assume that driver on intersecting highway will obey stop sign and yield right of way."

In the opinion a reference is made to "the universally adopted definition of actionable negligence—the failure to do that which an ordinarily prudent person, in the exercise of reasonable care, would have done under like or similar circumstances."

The determination of negligence in a given case depends upon the use of that discretion which a reasonably prudent person would have exercised under the same circumstances.

As noted in the Guegel case, stop signs are placed on a highway at or near its approach to an intersection with a boulevard for the purpose of giving the right of way to traffic in movement on the boulevard. Stop signs on a highway at or near its intersection with an arterial highway or boulevard serve to give notice of the claims of traffic on the arterial road to right of way over traffic from the side road, and such stop signs serve as a warning to drivers on the side road of the movement of traffic on the arterial road. With such notice and warning existent, the driver on the boulevard has a right to assume that the driver on the intersecting roadway will obey the stop sign and yield him the right of way and the driver on the intersecting roadway is bound to note the possibility of traffic in movement on the boulevard protected by stop sign.

In the instant case, undisputedly Johnson's vehicle entered an intersection guarded by a stop sign and upon a boulevard where Short's vehicle was in movement. In this situation of collision of the vehicles, to apply a rule of first entry into the intersection as absolutely governing right of way is to withdraw consideration of the fact of the stop sign and the boulevard as affecting the rights, duties and obligations of the drivers of the vehicles in direct conflict with fundamental rules of law with regard to actionable negligence. Each driver in approach to and in entering the intersection was required to act as a reasonably prudent person would have acted under all the existing circumstances. The application of this rule determined whether or not either was negligent.

The rule contained in the requested instruction would have drawn attention to a particular circumstance of proper consideration, but in application the effect would be to exclude other circumstances of proper consideration in a determination of negligence. In such an effect the instruction as requested was properly refused.

Other requested instructions relate to the rights and duties of an operator of a vehicle at an intersection guarded by stop signs, and in meaning and effect they were embodied in the instructions given by the court.

Attention is directed to instruction No. 13 as given by the court and particularly to a part thereof which reads as follows:

" . . . that the familiar rules, 'that the first automobile to enter the intersection has the right of way,' and that at intersections 'vehicles approaching from the right shall have the right of way over those approaching from the left,' have no application and are not to be considered by you in this case. These rules have no application to a collision in an intersection where one of two highways is a boulevard protected from traffic on the other by stop signs."

It is asserted the instruction is erroneous in that it contains a false assumption that there was a lawfully erected stop sign on the county road involved in the case, and the instruction is erroneous in that it contains a false assumption that Johnson did not stop at the stop sign.

Hereunder, it is asserted that no evidence was offered or introduced to show that some competent authority had erected the stop sign and that there is no statutory authority for the erection of such stop sign on a county road, and hereunder attention is directed to testimony that Johnson did stop at the stop sign.

In the testimony of Johnson it was shown that he knew the stop sign was there and obeyed it, and in all the testimony there was no dispute as to the presence and existence of the stop sign. In the whole of the instructions given, we find no reference to any statutory duty with reference to the stop sign, but throughout, in all references, the stop sign is treated as a de facto warning sign to be considered on a basis as affecting the actions of an ordinarily prudent person in the exercise of reasonable care. There was no issue presented at trial as to whether the stop sign was erected under and in accordance with statutory authority, and whether so or not is of no particular moment, as it was at least a de facto warning sign and as such was so treated in the instructions. We find no false assumption in the instruction with reference to the stop sign and no merit in the assertion of error resting on such basis.

In instruction No. 13, in the paragraph following the part quoted above, the jury was advised that Johnson would be guilty of negligence on the hypothesis of failure to stop at the stop sign, and that an ordinarily prudent person under like or similar circumstances, in the exercise of reasonable care, would have stopped at said stop sign. In instruction No. 14, given by the court, the jury was advised that Johnson would not necessarily be negligent in proceeding into the intersection on the hypothesis that he did stop prior to entering the intersection, and at a time and under such circumstances that an ordinarily prudent person, in the exercise of due care, would have no reasonable cause to believe that another was approaching on the intersecting highway at a point close enough to the intersection as to constitute an immediate hazard.

These instructions considered together submit an issue presented by conflicting testimony to the effect that Johnson did stop at the stop sign, and that Johnson did not stop at the stop sign and before entering the intersection, and when considered together

there is no basis for a charge that the instructions falsely assume that Johnson did not stop at the stop sign.

We do not think the quoted portion of instruction No. 13 merits unqualified approval. We think it would have been better if the court had instructed the jury that the two stated familiar rules were not necessarily of controlling importance instead of the instruction that such rules had no application. While these rules, as we view it, would not be necessarily of controlling importance in the case of such an intersection, we think they are entitled to some consideration in determining the question of negligence or lack of negligence. As we view it, this case was tried and determined by the jury on the conflicting theory and contentions of the parties, that is, one, that Johnson overran the stop sign, did not stop, and was thereby guilty of negligence, two, that Johnson fully observed the stop sign and did stop and thereafter prudently entered the intersection and was without negligence, and on the contrary, the negligence was that of Short. Upon conflicting evidence supporting each theory, the jury found against Johnson on his cross-petition, and upon instructions which in the whole fairly present the issues.

While the quoted portion of instruction No. 13 is not wholly free from criticism, under the circumstances and all the instructions, we do not think a reversal could be justified.

In Bucktrot v. Partridge, 130 Okla. 122, 265 P. 768, the well settled rules applicable to the consideration of instructions is stated, as follows:

"Instructions must be considered as a whole and construed together, and while a single instruction standing alone may be subject to criticism, yet, when the instructions, when taken together in their entirety, fairly submit the issues to the jury, the judgment of the trial court on the verdict of the jury will not be disturbed. It is not necessary that any particular paragraph of the instructions contain all the law of the case; it is sufficient, if, when taken together and considered as a whole, they fairly present the law applicable to the issues in the pleadings upon which competent evidence has been introduced."

In instruction No. 13, and following the submission of the hypothesis that Johnson failed to stop at the stop sign, the jury was advised that in any event the driver of the other vehicle was not released from the duty of exercising due care and that both drivers must exercise every reasonable precaution commensurate with apparent dangers incident to crossing an intersection. Instruction No. 14 preceding submission of the hypothesis that Johnson did stop before entering the intersection, the jury was advised of the purpose of stop signs as a warning to drivers before proceeding through an intersection. All this is in accord with the fundamental rules of law with regard to actionable negligence as mentioned above. We find the instructions given by the trial court, taken together and considered as a whole, fairly present the law applicable to the issues as presented in the pleadings and the evidence. This accident occurred before the effective date of the uniform traffic code adopted in 1949 (47 O.S.A. § 121.1 et seq.), therefore none of the provisions thereof are discussed.

The judgment is affirmed.

LUTTRELL, V. C. J., and CORN, GIBSON, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.