RISS & COMPANY, Inc., a Corporation, and
John J. Goodwin, Plaintiffs in Error,

v.

Loeta REED, Defendant in Error.

No. 36234.

Supreme Court of Oklahoma.

July 2, 1956.

Rehearing Denied Sept. 11, 1956.

George H. Jennings, Sapulpa, Thomas A. Wallace, Tulsa, for plaintiffs in error.

Robert W. Raynolds, of Moseley & Raynolds, J. W. Hastain, Tulsa, Robert W. Blackstock, Walter N. Jones, Bristow, for defendant in error.

JACKSON, Justice.

This action was commenced by plaintiff, Loeta Reed, to recover damages for personal injuries sustained when her automobile collided at a street intersection with a truck operated by defendants, Riss & Company, Inc., and its driver. From judgment for plaintiff, defendants appeal.

The accident occurred at the intersection of Hickory and Dewey Streets in Sapulpa, Oklahoma. The plaintiff was driving south on Hickory Street and had stopped at a stop sign located fifty feet north of the intersection. She could not see to the east on Dewey Street from that point because the view was obstructed by a house on the corner. According to plaintiff's testimony she proceeded from the stop sign at five to ten miles per hour and drove into the intersection without again stopping.

The driver of defendant's truck was traveling west on Dewey Street. This street was a part of the highway on defendant's route from Tulsa to Oklahoma City, which he had traveled regularly. He was familiar with the street and knew of the stop sign guarding the entrance from Hickory Street. The driver testified that he did not see plaintiff's automobile until it was a short distance from the intersection, and that he was about twenty feet east of the extended east line of Hickory Street when it first became apparent to him that plaintiff was not going to stop at the entrance to Dewey Street, at which time he applied his brakes in an attempt to avoid the collision.

The Sapulpa city ordinance, introduced in evidence, provides that all drivers will

bring their vehicle to a stop where stop signs have been installed, and further provides that traffic over unmarked streets shall have the right of way over traffic which is required to stop. That the stop sign was erected on Hickory Street pursuant to official authority is not questioned. There was no stop sign on Dewey Street.

At the outset in instructing the jury the trial court should have instructed the jury that under the ordinance it was plaintiff's duty to stop at the intersection of Dewey Street. In Carpenter v. Snipes, 203 Okl. 534, 223 P.2d 761, 767, in the body of the opinion this court said:

"Any reasonably prudent, or reasonably intelligent person would readily see and understand that it was not intended that motor vehicles should stop at the exact stop or place where the sign was erected, but was intended as a warning to stop at the intersection."

The interpretation of ordinances is for the courts and where there is any question of the meaning of an ordinance the instruction given the jury should embrace the correct interpretation of the ordinance.

Among other assignments of error defendants complain of Instruction No. 11. In the first paragraph thereof the jury was instructed.

"In determining which vehicle had the right of way at the intersection in question, you are instructed that the question of whether or not the vehicle approaching the stop sign in question was required to stop is dependent upon whether or not this is what would have been done by an ordinarily prudent person, under like or similar circumstances, in the exercise of ordinary care, and if you conclude an ordinarily prudent person, under like or similar circumstances, in the exercise of ordinary care, would have' stopped, then you are instructed that the driver of the other vehicle in question had a right to expect the vehicle approaching the stop sign would stop before entering the intersection, and to rely upon

such expectation until such time as he saw, or in the exercise of ordinary care should have seen that such vehicle was not going to be brought to a stop. * * *."

Instruction No. 11 is obviously in conflict with the ordinance. The ordinance gave the right of way to traffic on Dewey Street. The ordinance required the plaintiff to stop at the intersection with Dewey Street. The duty to obey the stop sign and yield the right of way was required by the ordinance and was not dependent upon what an ordinarily prudent person would do. While the question of proximate cause of an injury is always for the jury, violation of the foregoing ordinance would constitute negligence per se. Harbour-Longmire Bldg. Co. v. Carson, 201 Okl. 580, 208 P.2d 173.

Plaintiff contends that Instruction No. 11 was proper and was approved by this court in Guegel v. Bailey, 199 Okl. 441, 186 P.2d 827. He also invites our attention to Johnson v. Short, 204 Okl. 656, 232 P.2d 944, 946. Both of these cases are distinguishable from the case at bar. In those cases the stop signs were outside of Oklahoma City and not authorized by ordinance or by state statute. The accident in the Guegel case occurred on January 21, 1946. The accident in the Johnson case occurred on April 12, 1947. Thus it is apparent that both accidents occurred prior to the enactment of 47 O.S.1951 §§ 121.6 and 121.7, and prior to the time these sections of the statute authorized the State Highway Commission and County Commissioners to erect stop signs on their respective highways.

In the Johnson case we quoted with approval the first paragraph of the syllabus in the Guegel case, as follows:

" 'Where one of two intersecting highways is a boulevard protected from traffic on the other by stop signs, the rule that the first automobile to enter the intersection has right of way does not ordinarily apply, and motorist on boulevard has right to assume that driver on intersecting highway

will obey stop sign and yield right of way.' "

This is an incorrect statement of law under the facts in those cases. It is a correct statement of the law where the stop sign is authorized by ordinance or statute, and where right of way is given (by statute or ordinance) to traffic over the unmarked street.

A stop sign, standing alone and without any law to justify its existence, would not repeal or nullify a right of way statute. At the time of the accidents in the Guegel and Johnson cases the statute, 69 O.S.1941 § 583, Rule 7, provided that the vehicle approaching the intersection from the right shall have the right of way over the vehicle approaching from the left. The unauthorized stop signs in the Guegel and Johnson cases did not change or repeal the statutory right of way. The trial courts in the Guegel and Johnson cases should have instructed on "right of way" as provided in the statute, 69 O.S.1941, § 535, Rule 7, supra. Sinclair Oil & Gas Co. v. Armour, 172 Okl. 442, 45 P.2d 754.

In 60 C.J.S., Motor Vehicles, § 360, e, (1), p. 858, it is said that an unauthorized stop sign is a mere circumstance of the accident, entitled to such consideration as a warning and suggestion for caution in operating a motor vehicle as a reasonable driver under the circumstances would give to it. See also Gulf, C. & S. F. Ry. Co. v. Harpole, 111 Okl. 301, 239 P. 609, as to the legal significance of an unauthorized "Stop, Look & Listen" sign at a railroad crossing.

The error in the syllabi of the Guegel and Johnson cases, supra, results from the fact that we failed to observe that a stop sign is one thing and right of way is another. They should have been dealt with separately. If we remember that an unauthorized stop sign is to be reckoned with under common-law principles and that right of way is always conferred by statute or ordinance it will eliminate much of the confusion.

We conclude that Instruction No. 11 herein was erroneous and deprived the de-

fendants of substantial rights. Fauks v. Garrett, 205 Okl. 129, 235 P.2d 921.

Since this case will be reversed for new trial, we think we should point out additional errors in order that they may not be repeated at a subsequent trial.

■ In Instruction No. 5 the court quoted statutory rules of the road. In Instruction No. 6 the court quoted ordinances which were almost identical to the statutory rules which had been quoted in Instruction No. 5. This was unnecessary and confusing. Under 47 O.S.1951 § 22.11 and 47 O.S.1951 § 121.7 cities and towns are given certain specified powers to regulate traffic. Where under these statutes a city has adopted traffic ordinances and such ordinances are not in conflict with state statutes, and are adequate, and in evidence, the court should instruct upon the ordinances and not upon the statutes.

■ We observe that ordinance No. 721 requiring drivers to stop at intersections where stop signs are located does not further define the duty of the driver after such driver has stopped, except to provide that traffic over unmarked streets shall have the right of way. Under the ordinance it was the duty of plaintiff to stop at the entrance to Dewey Street and yield the right of way to other vehicles which had entered the intersection on Dewey Street, or were approaching so closely on said street as to constitute an immediate hazard. The ordinance stops short at this point and does not further define the duties and privileges of a driver who has stopped and yielded the right of way. Obviously, when a driver has stopped and yielded the right of way he is not required to remain stopped. Under State statute, 47 O.S.1951 § 121.6, where a driver has stopped and yielded the right of way he "may then proceed." Since the ordinance does not sufficiently cover this right to "proceed" it is proper to refer to the statute in supplement thereof.

■ We further observe that Instruction No. 5 quotes the statutory duties of drivers at intersections where no stop signs have been erected. Instruction No. 6

**212**

quotes the city ordinance as to "right of way" where no stop signs have been erected. These are not applicable in this case and should not be given.

 An ordinance of the City of Sapulpa, quoted in Instruction No. 6, provides that no person shall drive a vehicle in such a condition or in such a manner, or so constructed or loaded, as to cause delay in traffic or endanger the person or property of others upon the street. There is no evidence in this case that either driver drove a vehicle in such a condition, or so constructed or loaded as to cause delay in traffic or endanger the person or property of others upon the street, and to this extent should not be given.

The judgment is reversed, with directions to grant a new trial.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD and HUNT, JJ., concur.

DAVISON, J., concurs in conclusion.