Charles Leonard BOCOCK, Plaintiff in Error,

v.

TULSA STOCKYARDS COMPANY and National Commission Co., Defendants in Error.

No. 37399.

Supreme Court of Oklahoma.

April 2, 1957.

Wheeler & Wheeler, Tulsa, for plaintiff in error.

Dyer, Powers & Gotcher, Tulsa, for defendant in error, Tulsa Stockyards Co.

A. E. Montgomery, Tulsa, for defendant in error, National Commission Co.

Rucker, Tabor & Cox, Tulsa, for defendants in error, Tulsa Stockyards Co. and National Commission Co.

PER CURIAM.

The parties occupy the same relative positions here as in the trial court and will hereinafter be referred to by their trial court designation. The plaintiff sued to recover for the damage he suffered as a result of injuries inflicted upon him by an animal running loose within the facilities of the Tulsa Stockyards Company.

The testimony disclosed that plaintiff, accompanied by his wife and son, delivered his cattle to the unloading chute of the Tulsa Stockyards Company; that the cattle were unloaded, consigned to the American Commission Company, and driven to the American Company's pens; that the Stockyards Company assigns the various commission companies the pens they are to use in selling the cattle consigned to them; that the pens assigned to the commission companies are reached by alleyways which branch off from the main alleyway; that plaintiff followed his cattle to the pen into which they were detained for sale and stood in the alley visiting and observing the sale of cattle; that, as he was standing in this alley, a yearling calf escaped from its handlers and ran to the far side of the stockyards; that the employee of the defendant, National Commission Company, to whom the animal was consigned, prepared to drive this calf back down the main alley to where it could be turned into the alley in which the National's pens were located; that the gates to all other alleys were closed and the main alley blocked in such a manner as to create a single alley, in order to direct the calf to its pen; that the gate to the alley in which plaintiff was standing was either not closed or was opened by some one after it had been closed by the defendants; that the calf was excited or frightened and commenced to run while being driven to its pen; that the calf ran into the alley in which plaintiff was standing and hit him, inflicting the serious injuries from which his damage arose; that the persons driving the calf shouted the customary warning of dangerous animals loose when the calf began to run; that anywhere from 1,500 to 3,000 cattle are handled in this stockyards on the day of the week this incident occurred; that the only way to move these cattle within the stockyards is by driving them in the alleyways provided for that purpose; that there is ample room on the fences for people to sit, and that there are covered areas above the pens for customers to wait pending the sale of their stock.

The plaintiff did not testify, but from others it appears that the plaintiff was standing talking to acquaintances when the calf ran into the alley; that the other persons in the alley stepped to the fence and permitted the calf to pass; that plaintiff either did not see the animal until it was too late to avoid being hit or purposely moved into its path waving his arms. The evidence concerning the plaintiff's conduct was conflicting. One witness placed him with his back to the approaching animal, another witness placed him in the middle of the alley waving his arms at the calf.

There were variations of these two contradictory versions by the other eye witnesses to the incident.

The jury returned a verdict for the defendants upon which judgment was entered. For reversal the plaintiff argues three propositions: First, that the court erred in sustaining the Stockyards Company's demurrer to the plaintiff's evidence; Second, that the court erred in giving an instruction on contributory negligence, and Third, that the court erred in refusing to give the plaintiff's requested instruction concerning a sudden emergency. Inasmuch as the alleged liability of the Tulsa Stockyards Company is based on the theory of respondeat superior, unless there is merit to the second or third propositions, we need not discuss the first.

■■ The plaintiff urges that the giving of the instruction on contributory negligence was erroneous for the reason that the evidence failed to present an issue on this theory. From our examination of the record we are convinced that the jury was not erroneously instructed on the theory of contributory negligence. Almost all of the witnesses testified that the customary warning of wild cattle being loose was shouted. The plaintiff was standing in an alleyway which was used for directing the movement of livestock within the yard. It appears that he was facing away from the main alley as the calf entered, but that his companions either heard the warning or observed the calf in ample time to avoid the animal. The witnesses did not agree on the action of the plaintiff, but the evidence as to his conduct being equivocal, the jury could have reasonably concluded that he was attempting to turn the animal by standing in its path waving his arms; or the jury could also have reasonably concluded that the plaintiff failed to exercise necessary care for his own safety by standing in the alley after the warning had been shouted. There was no dispute that there was ample room on the fence or in the other places provided for his convenience and safety. It is not error to give an instruction on contributory negligence unless

the evidence and all reasonable inferences therefrom permits but the single conclusion that no contributory negligence has been proved. Warren v. Layman, Okl., 267 P.2d 590.

■■ On the other hand, we do not believe that the evidence was sufficient to justify submission to the jury of an instruction on sudden emergency, and the trial court was correct in excluding the plaintiff's suggested instruction on this theory. The sudden emergency doctrine is not applicable to all situations calling for quick action. There is no emergency as comprehended by this rule where the situation or danger calling for quick action is one which should reasonably have been anticipated, and which the person charged with the conduct should have been prepared to meet. Clark v. Farmer, 229 Ala. 596, 159 So. 47. There is no evidence in the instant case to intimate that an unexpected situation developed that could not have been anticipated by the plaintiff as an altogether normal occurrence in the stockyards. His presence in the alley was sufficient warning to him that he might expect cattle, both docile and wild, to be moving on him. He was no novice. When this situation developed it did not amount to a sudden emergency. Here, there was no reason to expect the benumbing effect of surprise and terror which may accompany the sudden appearance of a wholly unexpected danger. The requested instruction was properly refused. Jones v. Boston & M. R. R., 83 N.H. 73, 139 A. 214; Kuist v. Curran, 116 Cal.App.2d 404, 253 P.2d 681. This case is different from Tulsa Stockyards Co. v. Moore, 184 Okl. 6, 84 P.2d 37, in that the plaintiff in that case thought that she had just closed a protective gate between herself and the animal. Here, there is no evidence that the plaintiff considered this alley closed to unrestrained cattle.

■ Our conclusion on the second and third propositions eliminates the necessity for considering the first proposition, since it could only be harmless error to sustain the principal's demurrer to the evidence

where the agents are not liable and the principal is liable, if at all, only upon the theory of respondeat superior.

Judgment affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by Commissioners J. W. Crawford and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.