Mary Lou FOSTER, Plaintiff in Error,

v.

Helen BOYD, Defendant in Error.

No. 40036.

Supreme Court of Oklahoma.

May 7, 1963.

Wheeler & Wheeler, Max F. Feldner, Tulsa, for plaintiff in error.

Covington & Gibbon, Tulsa, for defendant in error.

BERRY, Justice.

The parties who appear here in the same relative position as in the trial court will be referred to as they appeared in said court.

The sole issue presented by this appeal is whether the trial court erred in giving instructions to the jury on the doctrine of contributory negligence.

Plaintiff contends that there was no evidence showing that she was negligent and for said reason the trial court erred in giving instructions relative to possible contributory negligence on her part. This contention is countered by defendant.

The uncontradicted evidence bearing upon the mentioned issue can be summarized thusly:

On December 2, 1960, at approximately 6:10 p. m. plaintiff was driving her automobile toward the north over South Lewis Avenue, hereafter referred to as "avenue", in Tulsa, Oklahoma. On the date and at the time mentioned, defendant was driving her automobile toward the south over the outside west traffic lane of the avenue in order to reach her home which was on the east side of the avenue a short distance south of the intersection of the avenue and South 13th Street in Tulsa. Traffic signal lights were maintained at the intersection. It appears that the traffic lights for north- and south-bound traffic over the avenue changed from green to red immediately after defendant drove over the intersection. As a result of said change, one or more of the automobiles traveling north over the outside east traffic lane of the avenue stopped south of the intersection. Upon reaching a point opposite her home, defendant stopped her vehicle for the purpose of waiting until the vehicles to her left had moved on toward the north. This would have enabled her to make a left turn and drive across the east portion of the avenue and onto the driveway to her home. After she had stopped, the driver of the vehicle to her immediate left backed his automobile to the south in order to create a passageway for defendant, who drove her vehicle to the east through the passageway. Upon reaching the inside east traffic lane of the avenue she saw plaintiff's automobile approaching from the south over said lane. Defendant immediately stopped her automobile across the inside lane. Plaintiff's automobile continued onward and the front portion thereof struck the right side of defendant's automobile. At the time plaintiff first observed defendant's automobile, plaintiff was driving at approximately 20 to 25 miles per hour. Plaintiff, as evidenced by skid marks, applied the brakes to her automobile approximately 29 feet from point of impact with defendant's automobile. At point of collision plaintiff's automobile was traveling slowly and the force of its impact with defendant's automobile did not cause latter to move.

At the time the accident occurred it was dark and the headlights of all automobiles in the vicinity of the collision were burning. Prior to stopping her automobile opposite her home, defendant had caused the signal lights thereon to indicate a left turn and the lights continued to so indicate until the turn had been negotiated. At time of accident the weather was clear and the paving was dry.

Defendant and a passenger in her automobile each testified that plaintiff was traveling over the outside east traffic lane of the avenue as she approached the intersection, but before reaching the automobiles parked in said lane to the south of the intersection she changed to the inside east traffic lane. Defendant testified further that following collision, plaintiff stated that she had not been injured.

Plaintiff testified that she was driving over inside east traffic lane of the avenue as she approached the intersection and continued to so drive until her automobile collided with defendant's automobile; that force of collision was such that she was thrown forward and her head struck the windshield of her automobile; that the impact resulted in bodily injuries.

The parties apparently agree that under applicable ordinances of the City of Tulsa, a motorist turning a vehicle is under a duty to yield the right-of-way to a motorist proceeding straight ahead and which may be so close as to constitute an immediate hazard; that a motorist desiring to turn his vehicle shall first assure himself that such movement can be made in safety and not endanger other motorists.

In the second paragraph of the syllabus to Sloan v. Anderson, 160 Okl. 180, 18 P.2d 274, it was said that "Contributory negligence is an act or omission on the part of the plaintiff, amounting to want of ordinary care, which, concurring or co-operating with the negligent act of defendant, is the proximate cause of the injury complained of, and necessarily presupposes negligence on the part of the defendant."

For reasons hereinafter stated, we are of the opinion that there was competent evidence from which the jury could have concluded that plaintiff was guilty of contributory negligence and that such negligence was the proximate cause of the collision.

■ While a motorist desiring to make a left turn in order to enter a private driveway should exercise extra precaution before doing so (Caesar v. Phillips Petroleum Co., 187 Okl. 559, 104 P.2d 429) a motorist approaching such motorist should keep a proper lookout and is under a duty to exercise reasonable care and caution to avoid injuring a motorist who had turned across his way. 60 C.J.S. Motor Vehicles § 347, p. 808; Goodridge v. Davis, Okl., 345 P.2d 894, 895, and cited cases.

■ In the case last cited it was stated in the body of the opinion that "In the final analysis the driver of a motor vehicle must, at all times, use that degree of care which is reasonable and prudent under the circumstances. And this is true despite the so-called right to presume that other drivers will obey the law. * * * In Stegall v. Davis, Okl., 280 P.2d 706, 707, we said: 'But regardless of which motorist may have had the statutory right-of-way neither was relieved from a duty of exercising reasonable care and caution not to injure another at the intersection.' See also Guegel v. Bailey, 199 Okl. 441, 186 P.2d 827."

■ We are inclined to believe that the evidence is sufficient to show that had plaintiff maintained a proper lookout and exercised reasonable care and caution as she approached point of collision, she would have noticed that defendant had stopped her vehicle; that the signal lights thereto indicated a left turn; that a motorist backed his vehicle in order to create a passageway for defendant's vehicle and that defendant proceeded through the passageway and onto the east traffic lane of the avenue. While plaintiff may not have been close enough to point of collision to note the first mentioned act, her proximity to said point was such that she should have noted the other acts had she kept a proper lookout. Having such evidence before it, the jury could properly have concluded that plaintiff was negligent in not avoiding the collision.

■ In Cosmo Construction Co. v. Loden, Okl. 352 P.2d 910, 912, this was said:

"We have repeatedly held that in view of the constitutional provision making contributory negligence a question of fact for the jury, if there is any evidence from which contributory negligence may be reasonably inferred, the verdict on that issue is conclusive. Const., Art. 23, Section 6; Wright v. Erwin, Okl., 346 P.2d 187; Hanna v. Parrish [& Clark], Okl., 344 P.2d 658; Neely v. Morris, Okl., 333 P.2d 301; Croft v. Dodson, supra [Okl., 310 P.2d 375]; Warren v. Layman, Okl., 267 P.2d 590."

and in the first paragraph of the syllabus to Bocock v. Tulsa Stockyards Co., Okl., 309 P.2d 279, it was said that "If there is any evidence of contributory negligence, or evidence from which contributory negligence may be inferred or presumed, it is the duty of the court under our constitutional provision to submit the issue to the jury."

For reasons stated the appealed-from judgment is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS and IRWIN, JJ., concur.