Peggy L. BEAN, Appellant,

v.

Barbara J. ANDERSON, Appellee.

No. 48243.

Supreme Court of Oklahoma.

Nov. 23, 1976.

Jess J. Horn, Oklahoma City, for appellant.

Manners, Grennan & Cathcart by Don Manners Inc., Oklahoma City, for appellee.

DAVISON, Justice.

This appeal involves an action brought in the trial court by appellant, Peggy L. Bean, seeking compensation for personal injury and property damage sustained in an automobile accident.

The evidence at trial indicated that appellant's car was struck from the rear by a car operated by appellee, Barbara J. Anderson. The collision occurred in the vicinity of the Oklahoma State Capitol complex where southbound Lincoln Lane merges with southbound Lincoln Boulevard. Traffic entering Lincoln Boulevard from Lincoln Lane is required to yield. The evidence showed that the appellee's vehicle was following the appellant's vehicle and that both parties brought their vehicles to a stop as they approached the yield sign on Lincoln Lane.

Although the above facts were uncontroverted at the trial, testimony as to how the collision occurred varied. While appellant (occupant of the forward vehicle) maintained that she came to a complete stop at the yield sign and was struck while she was at a complete stop. the appellee (occupant of the following vehicle) testi-

fied that after the appellant stopped her car at the yield sign, the appellant started forward to enter Lincoln Boulevard, when suddenly and for no apparent reason, the appellant stopped her car a second time.

Appellee's version of how the accident occurred was supported by the testimony of the investigating police officer who testified that appellant told him she had stopped at the yield sign, started forward to go south on Lincoln Boulevard, and then stopped again.

When testifying to the fact that the appellant had started to proceed onto Lincoln Boulevard, then stopped a second time, appellee indicated that the traffic was clear, that it was safe for both the appellant and appellee to proceed forward onto Lincoln Boulevard, and that there was no justification or apparent reason for appellant suddenly stopping a second time.

At the trial court, the jury returned a defendant's verdict, from which this appeal was perfected. The main issue raised by the appeal is whether the trial court erred in refusing to grant a directed verdict to the appellant.

It should be noted that the collision involved occurred on July 11, 1973, prior to this State's legislative enactment of comparative negligence statutes,[1] which went into force and effect on August 16, 1973, more than a month after the occurrence of the accident involved in this litigation.

This being so, the case was tried on the theory of contributory negligence, under which any contributory negligence on the part of the appellant would bar recovery. E.g., *Rader v. Fleming,* Okl., 429 P.2d 750 (1967); and *St. Louis & S.F.R. Co. v. Elsing,* 73 Okl. 333, 132 P. 483 (1913).

In her brief, appellant, citing *Miller v. Cody,* 41 Wash.2d 775, 252 P.2d 303 (1953), and similar cases, asserts that in the absence of an emergency or unusual conditions, the following driver of two cars traveling in the same direction has the primary duty of avoiding a collision with the automobile in front of him, that he is negligent if he runs into the car ahead of him.

■ Although this may be the law, it is not necessary for us to concentrate on any theory of law which would, as a matter of law, find the appellee negligent, for the controlling issue is whether there is any evidence upon which the jury could base its verdict for the defendant. If there was such evidence, it would have been error for the trial court to sustain a directed verdict, because after a jury has merged its conclusions into a verdict, and judgment is entered accordingly, if there is any competent evidence reasonably tending to support said judgment, it cannot be said to be "not supported by the evidence," and will not be reversed by this Court because the trial court refused to grant a directed verdict. In *Central Mutual Insurance Company v. Dickason,* Okl., 451 P.2d 1 (1969), this Court stated in its first syllabus:

"A motion for directed verdict * * * should not be sustained *unless there is an entire absence of proof tending to show a right to recover;* and in passing on the same the trial court must consider as true, all of the evidence favorable to the party against whom motion * * * is directed, together with all inferences that reasonably may be drawn therefrom and disregard all conflicting evidence favorable to the movant." [Emphasis added].

■ In examining all the evidence, we find that there was sufficient evidence upon which the jury could have found that the appellant was guilty of contributory negligence. The presence of contributory negligence on the appellant's part bars her right to recover.

The evidence we refer to is as follows. In the testimony of the appellee were statments by her that the appellant having stopped at the yield sign, started to move forward, then for no apparent reason, (since according to the appellee, Lincoln Boulevard was clear), appellant stopped again.

---

Coupling these facts with the applicable law, we hold that the trial court did not err in refusing to grant the directed verdict.

In *Union Transp. Co. v. Lamb*, 190 Okl. 327, 123 P.2d 660 (1942), this Court, quoting from *Cardell v. Tennessee Electric Power Co.*, 79 F.2d 934, 936 (5th Cir. 1935), we stated:

"'* * * A leading vehicle has no absolute legal position superior to that of one following. Each driver must exercise ordinary care in the situation in which he finds himself. * * *. In each case except when reasonable minds may not differ, what due care required, and whether it was exercised, is for the jury.'"

Also see *Foster v. Boyd*, Okl., 381 P.2d 853 (1963).

Under the facts outlined above, there was evidence upon which the jury could have concluded that the appellant, in stopping suddenly without any provocation, breached her duty to exercise ordinary care and that such breach contributed to the occurrence of the collision. This being the case, we hold that the trial court did not err in refusing to grant the appellant a directed verdict.

All the Justices concur.