Jewell Y. JUSTICE, Appellant,

v.

Glen H. HARRISON, Appellee.

No. 48551.

Supreme Court of Oklahoma.

Sept. 13, 1977.

Floyd L. Walker, Walker, Jackman & Associates, Inc., Tulsa, for appellant.

Thomas R. Brett, Allen B. Pease, Jones, Givens, Brett, Gotcher, Doyle & Bogan, Inc., Tulsa, for appellee.

LAVENDER, Vice Chief Justice:

Jewell Y. Justice, appellant and wife of Earl Justice (Justice), brought an action for wrongful death against Glen H. Harrison (Harrison), appellee. At trial, a jury verdict was rendered for defendant Harrison. Court of Appeals reversed and remanded for a new trial. That opinion found reversible error, for (1) insufficient evidence to sustain the giving of an instruction as to an emergency, and (2) introduction of prejudicial evidence as to deceased Justice's inebriated condition.

Justice was driving his vehicle on Highway 33 near Inola. It was a two lane road. He was traveling generally east at about 9:00 P.M. in February 1974. The night was dark. For some reason, his car left the highway and stopped in a bar ditch. A motorist in a pickup truck attempted to pull the Justice car from the ditch with a tow chain. Another automobile approached from the east. The Justice car had been partially pulled out of the ditch and on to the road. The pickup truck and the tow chain were across much of the highway. The approaching automobile struck the Justice car, but not the pickup truck. That driver attended his passengers, and Justice looked for his lost cigarette lighter in the ditch. The pickup truck left with identity of the driver being unknown. While this was occurring, Harrison, in his pickup truck with his two sons as passengers, drove over a crest of a hill to the west of the accident scene. On his lights picking up these vehicles and believing the highway blocked, Harrison applied his brakes and sought to move to his left. He though that to be the clearer side. He heard a thump and came to a stop. He was stuck in the ditch. He rocked his pickup and backed out of the ditch. Unknown to him, Harrison had struck Justice and subsequently backed over him. Justice was killed.

The Court of Appeals opinion cites *Bocock v. Tulsa Stockyards Company*, Okl., 309 P.2d 279 (1957), but refused to find sufficient evidence in the present case to sustain the giving of a "sudden emergency" instruction to the jury.[1] Syllabus by the Court in *Bocock, supra,* states:

"You are instructed that where a person finds himself confronted with an emergency,

1. Instruction No. 9 given by the trial court reads:

"The doctrine of sudden emergency is not applicable to all situations requiring quick action; and where the situation or danger calling for quick action is one which should reasonably have been anticipated, and which the person should have been prepared to meet, the sudden emergency theory is not applicable."

Here, the investigating officer measured 648 feet from the crest of the hill to the vehicles. Harrison told the officer he was going about 60 miles per hour. By skid marks, the officer judged his speed at about 70 miles per hour. At 60 miles per hour, the officer testified Harrison had approximately six or seven seconds to travel the some six hundred feet. The officer testified to a reaction time of two-thirds of a second. This was night. There was need for Harrison's lights to "come down on the accident" after topping the hill. Harrison had to "size up" or recognize the need to react. He reacted by braking to a stop in the ditch after moving to his left. This problem was not one Harrison should reasonably have anticipated and been prepared to meet. *Bocock, supra,* does not eliminate the doctrine of sudden emergency, here.

■ In a case tried to a jury, where the evidence *tends* to support the same, it is the duty of the court to submit, by appropriate instruction, the theory of the defense. *Atchison, T. & S. F. Ry. Co. v. Ridley,* 119 Okl. 138, 249 P. 289 (1926). In this case, there was evidence tending to support the defense of "sudden emergency." The trial court did not err in instructing on that theory of defense.

■ The admissibility of evidence as to Justice's inebriated condition came through the trial court overruling the plaintiff wife's motion in limine to preclude evidence concerning that circumstance. There was evidence suggesting Justice had quite a bit to drink shortly before the accident at a nearby tavern. A bottle of whiskey was found in his car. The ambulance attendant detected an alcoholic odor about the deceased. Justice's car was unexplainably in the ditch to commence this circumstantial chain of events. Justice's hunting for his cigarette lighter under the seriousness of the circumstances was somewhat bizarre. This evidence is material to the issue of negligence on the part of Justice. It explains his reaction to the first accident, and his lack of ordinary care in preventing the last accident so as to allow a finding of "contributory negligence" under a proper instruction. The jury was correctly instructed on that issue by Instruction No. 4. The jury found Justice to be 100% contributorily negligent in causing his own fatal injury as compared with no negligence of Harrison, under the comparative negligence doctrine. The evidence sought to be excluded was relevant to the contributory negligence issue. The trial court did not commit reversible error in allowing evidence as to Justice's inebriated condition to be admitted and go to the jury.

■ Appellant argues Harrison's negligence in exceeding the speed limit. Evidence as to his exact speed was in conflict. He admitted a speed of 60 miles per hour. By finding Harrison not negligent, the jury determined his exceeding the speed limit by five miles per hour was not the cause of and did not contribute to the accident. That finding may be sustained by the evidence.

■ Argument is also made of Harrison's negligence in crossing the other lane. It is correct the lane had to be crossed to reach the ditch where Justice was struck. Traveling in the wrong lane was not the cause of the accident. Crossing that lane and stopping in the ditch was the result of a sudden emergency, and not from negligence on the part of Harrison.

Certiorari granted; opinion of the Court of Appeals is withdrawn; and the jury verdict and judgment of the trial court is affirmed.

which was not contributed to by his own negligence, such person has the right to do what appears to him at the time he should do, so long as he uses reasonable care under the circumstances, and if he does so, he will not be deemed to have been negligent even though it might afterwards appear that some other course of action would have been better."

HODGES, C. J., and WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.