Charles D. ANDERSON, Appellant,

v.

Dana Leigh JENNINGS, Appellee.

No. 72949.

Court of Appeals of Oklahoma,
Division No. 3.

April 23, 1991.

Rehearing Denied June 11, 1991.

Certiorari Denied July 26, 1991.

Wayne Wells, Edmond, for appellant.

Daniel J. Hoehner, Tom L. King, Jeff R. Beeler, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Judge:

Charles Anderson, Plaintiff in the present action for damages for personal injuries arising out of a car/motorcycle accident appeals from a jury verdict in favor of Defendant Dana Leigh Jennings.

Plaintiff was stopped while on his motorcycle, just beyond the crest of a hill, facing east on Southeast 44th street in Oklahoma City, Defendant was traveling east on 44th. When she came over the hill she collided with Plaintiff. After a jury verdict in Defendant's favor, Plaintiff moved for a new trial claiming the trial court improperly instructed the jury. The trial court overruled Plaintiff's motion and this appeal resulted.

On appeal Plaintiff argues two instructions given were error. The portion of the first instruction to which Plaintiff objects, instruction # 8 stated:

The Defendant denies these claims and asserts that the accident was caused by Plaintiff's own negligence, which either caused or contributed to the accident, or that the accident was unavoidable and by reason of which Plaintiff cannot recover.

The trial court gave no instruction as to unavoidable accident other than the above statement of Defendant's defenses.

Citing *Studebaker v. Cohen,* 747 P.2d 274 (Okla.1987), Plaintiff claims instruction # 8 should not have been given. That decision dealt with an "Act of God" instruction in a medical malpractice action. The Supreme Court held the trial court should have used the unavoidable accident instruction as contained in the Oklahoma Uniform Jury Instructions without the inclusion of the unrecognized "Act of God" instruction.

Although the OUJI now contains an admonition that no "unavoidable accident" in-

struction should be given, if the facts and circumstances of the case show some factor over which the parties had no control, or could not, except by exercise of exceptional foresight, have predicted, it is not fundamental error to give such an instruction. *Ankney v. Hall*, 764 P.2d 153 (Okla.1988)

Instruction # 8 merely recites the claims of the parties as pleaded. It does not define unavoidable accident or advise the jury of an alternative to a finding of negligence or no negligence. As such if giving an unavoidable accident instruction was error, it was harmless. The test on review of instructions given or refused is whether there is a probability that the jurors were misled and therby reached a different result than they would have reached but for the questioned instruction. *Ankney v. Hall, supra.* We find the instruction did not mislead the jury.

The other instruction of which Plaintiff complains is instruction # 16. That instruction stated:

You are instructed that under Oklahoma law a sudden emergency is when, without conduct on the part of the defendant, she is suddenly and unexpectedly placed in a situation requiring instant action without exercise of deliberate judgment. One faced with a sudden emergency is not negligent because she acts according to her best judgment or fails to act in the most judicious manner.

If you find that the defendant, Dana Jennings, was faced with a sudden emergency you must find in favor of the defendant.

Plaintiff submits that the trial court erred in giving such an instruction in that a reasonable person listening to the evidence at trial would have found that Defendant's failure to reduce her speed contributed or caused the sudden emergency. In support of his argument Plaintiff calls our attention to 47 O.S.1981 § 11–801(d). That statute provides;

The driver of every vehicle shall, consistent with the requirements of paragraph(a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, approaching a hillcrest, when driving upon any narrow or winding roadway, and when special hazard exists with respects to pedestrians or other traffic, or by reason of weather or highway conditions.

Paragraph (a) of § 11–801 provides:

Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead.

The trial court in its Instruction # 15 advised the jury that:

In addition to the duty to exercise ordinary care there are also duties imposed by statutes. If you find that either party violated the following statutes and the violation was the direct cause of the injury, then such violation in and of itself would make that party negligent.

The court then set out the above two statutes.

It has long been the rule in Oklahoma that a violation of a statute does not constitute actionable negligence unless the violation is the proximate cause of the plaintiff's injuries. *Woodward v. Kinchen*, 446 P.2d 375 (Okla.1968). The requirement of causation was correctly set forth in the above instruction number 15.

Defendant testified she was going 45 miles per hour, the posted speed limit. Whether this was an appropriate speed under the above statutes was submitted to the jury. Further in a case tried to a jury, where there is evidence that tends to support the same, it is the duty of the court to submit, by appropriate instruction, the theory of the defense. In *Justice v. Harrison*, 569 P.2d 439 (Okla.1977), the Supreme Court put its stamp of approval upon an instruction directed to "sudden emergency", where there was evidence tending to support that defense. However in *Justice*, the trial court did not instruct the jury that if it found the defendant was faced with a sudden emergency it must find in his favor. To the contrary that instruction stated:

You are instructed that where a person finds himself confronted with an emergency which was not contributed to by his own negligence, such person has the right to do what appears to him at the time he should do, so long as he uses reasonable care under the circumstances, and if he does so, he will not be deemed to have been negligent even though it might afterwards appear that some other course of action would have been better.

More recently in *Anderson v. Northwestern Electric Cooperative*, 760 P.2d 188 (Okla.1988), Justice Kauger said that persons placed in a situation of sudden emergency may act in good faith according to their best judgment to avoid disaster. However, Plaintiff points to no decision and we find none, wherein the Oklahoma Supreme Court approved an instruction totally exempting a party from liability for negligence if the party is faced with a sudden emergency.

Oklahoma does recognize the doctrine of "sudden emergency" or "sudden peril" as it has been called, and it has been, on occasion, referred to as a separate "defense". *Lilly v. Scott*, 598 P.2d 279 (Okla. App.1979). On the other hand, as stated by the *Lilly* Court, the majority of other jurisdictions more accurately hold that an emergency situation is a standard of conduct modifying circumstance available to ameliorate the effects of what otherwise would be considered poor judgment on the part of a party charged with negligence. (citations omitted) We find this to be the better view. An instruction such as given in *Justice v. Harrison, supra,* would be proper if the evidence supports it. However to require the jury to find in favor of Defendant if he was faced with a sudden emergency is error.

Accordingly we REVERSE and REMAND for a new trial.

HUNTER, C.J., and GARRETT, P.J., concur.